### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### JULY TERM, 1859, AT JEFFERSON CITY.

---

DUNNICA, Respondent, v. COY *et al.*, Appellants.

1. Where a party purchasing land causes the legal title to be placed in a third person with a view to defraud his creditors, there will be a resulting trust to himself for the benefit of such creditors, and this interest may be seized and sold on execution under a judgment against him in favor of one of those creditors; the purchaser may then, in a proceeding for that purpose, and upon establishing the alleged fraud, have a decree vesting the legal title in himself and for the possession of the land.
2. Where a sheriff receives a writ of execution and does not levy the same during his term of office, it is his duty, at the expiration of his term, to deliver said writ to his successor in office, whose duty it is to receive and execute the same.

### *Appeal from Chariton Circuit Court.*

This was an action in the nature of a suit in equity. The plaintiff is William F. Dunnica; the defendants are John Coy, Elizabeth Coy, Collins Coy, and John Prewitt. The plaintiff in his petition alleged substantially as follows: that John Coy, while insolvent and indebted to plaintiff and other persons, acquired an interest in certain slaves; that, to de-

34—VOL. XXVIII.

fraud his creditors, he sold said interest to his brother Collins Coy and received in exchange certain land; that, in order to defraud, hinder and delay his creditors, he caused said Collins Coy to make a title bond for the land to John Prewitt for the use of Elizabeth Coy, wife of said John Coy, and her children; that Collins Coy was privy to the fraud; that John Coy was afterwards put in possession of said land; that plaintiff obtained judgment against John Coy for his debt, and levied on and sold John Coy's interest in said land, and became the purchaser himself and received a deed from the sheriff therefor. Plaintiff prays that the contract with Prewitt be set aside; that Collins Coy be required to convey said land to plaintiffs upon the payment of the balance of the purchase money.

Collins Coy alone answered. The sheriff's deed mentioned in the petition was admitted in evidence against the objection of defendant, Collins Coy. The objection taken was that the successor of the sheriff who made the levy was not authorized to make the sale and execute the deed. This deed on its recitals are sufficiently set forth below in the opinion of the court. The court decreed title in plaintiff on the payment of the balance of the purchase money; also gave judgment for possession.

*Turner*, for appellant.

I. If the exchange of John Coy's interest in the slaves for the land was fraudulent and void as to creditors, the title remained as before unaffected by this void transaction. A creditor in whose favor the contract is declared void can only subject to the payment of his debt the part of the property that would have been subject thereto had the exchange not been made. It would be unjust to let this creditor take the land and leave the others at liberty to take the slaves. (27 Mo. 167.) Besides, there was no proof of the alleged fraud. The failure of the other defendants to answer did not, as against Collins Coy, obviate the necessity of such proof. John Coy's supposed interest was divested by the sheriff's

sale, and the interest of Mrs. Coy and Prewitt by the cancellation of the title bond. Their admissions would not be evidence against Collins Coy. (1 Stark. Ev. 332; 9 Cranch, 153; 1 Greenl. Ev. § 178.) Further, there was no lawful sheriff's sale and conveyance. Only the sheriff that levied the execution was authorized to make the sale. Executions that are *levied* are not unexecuted. (See 6 Monr. 32.)

*Shackelford,* for respondent.

I. Collins was cognizant of the fraud. It is unimportant whether he was or not. (See Rankin v. Harper, 23 Mo. 579; Dunnica v. Coy, 24 Mo. 167.) The sheriff's deed is valid. (See 1 Monroe, 94; 3 Monr. 272; 4 Monr. 465; 13 Pick. 477.)

RICHARDSON, Judge, delivered the opinion of the court.

It is recited, in the sheriff's deed under which the plaintiff claims, that the execution was issued on the first day of April, 1854, directed to the sheriff of Chariton county, and delivered to Henry H. Davis, who was at that time sheriff of the county; that Davis levied the writ on the land in controversy, but that Robertson Moore, the successor in office of Davis, advertised the land for sale, conducted the sale, and made the deed to the plaintiff. The defendant insists that the deed is void for the reason that the execution was delivered to and levied by one sheriff, and the sale was made by his successor.

It does not appear how the sheriff, who first received the writ, had levied it. He did not advertise the land for sale; and as he was not required to make an actual or symbolical seizure of it, (Wood v. Colvin, 5 Hill, 228,) it is difficult to perceive how he had made a levy at all; and it may be inferred from the circumstances that he did nothing more than indorse on the writ that he had levied it on the land in dispute. The writ, then, was not executed within the meaning of the statute, but was in a condition that authorized the sheriff, who received it, to deliver it to his successor, as pro-

vided by the fifty-second section of the execution law of 1845, which declares that "whenever the term of office for which any sheriff shall have been elected has expired, or he shall have resigned or removed without the county, or be removed from office, it shall be his duty to deliver over all writs of execution *not executed* to such person as may have been elected, or appointed, and qualified to discharge the duties of sheriff; and such new sheriff shall receive all such writs and proceed to execute the same in the same manner as if such writs had been originally directed to him."

The right of the plaintiff to recover upon proof of the allegations in his petition was established by the principle decided in the case of Rankin v. Harper, 23 Mo. 579; and we think the evidence was sufficient to warrant the decree. The judgment will therefore be affirmed, the other judges concurring.