### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### FEBRUARY TERM, 1867, AT ST. JOSEPH.

THE MERCHANTS' BANK OF ST. LOUIS, Respondent, *v.* ROBERT HARRISON *et al.*, Appellants.

1. *Conveyance—Acknowledgment—Officer.*—A notary public, in his certificate of the acknowledgment of a deed conveying land in Livingston county, described himself as a notary public within and for the county of L., but appended to his signature—"Notary Public, Howard county." *Held*, that the deed was admissible in evidence.

2. *Ejectment — Common Source of Title — Evidence.* —When both parties claim under the same third person, it is *prima facie* sufficient to show a derivative title from him without proving his title.

3. *Corporations—User—Evidence.*—The charter of a corporation, with proof of the exercise of the powers thereby conferred, is *prima facie* evidence of the legal existence of such corporation.

4. *Banks and Banking — Lands and Land Titles.* — Under the "Act to regulate banking institutions" (Sess. Acts 1856–7, p. 21, § 26), the banks thereby incorporated might lawfully purchase real estate, if the purchase was made in good faith for the purpose of securing a debt due to the bank.

5. *Execution—Levy—Officer—Sheriff's Sale and Deed.*—A sheriff who has levied an execution upon real estate merely by endorsing a levy upon his writ, and has subsequently turned over the writ with his other unexecuted process to his successor in office, cannot afterwards proceed to sell and convey the lands of the defendant, and his deed will convey no title—R. C. 1855, p. 749, §§ 59, 62.

6. *Execution—Sheriff's Deed—Evidence.*—The recitals in a sheriff's deed conveying lands of the judgment debtor, are evidence of the existence of the judgment without producing the record.

*Appeal from Livingston Circuit Court.*

The plaintiff asked the court to give the following instructions:

1. If plaintiff and defendants both claim the land in controversy through Jasper N. Bell, then it is sufficient *prima facie* for the plaintiff to prove its derivation of title from said Bell without proving said Bell's title.

2. If Jasper N. Bell took possession of the land in suit in 1854 by cutting timber on it and making rails, exercising the usual acts of ownership over it, and claimed the whole of said land to be his, and in the spring of 1854 fenced a field on said land, and exercised the usual acts of ownership over the whole of said land up to 1862, and then sold said land to plaintiff, and continued by himself or sub-lessee to keep possession of said land for plaintiff up to September, 1864,— plaintiff has a good title to said land unless said title was divested by the sheriff's deed read in evidence.

3. The sheriff's deed read in evidence passes no title to the Bank of the State of Missouri.

4. If an execution was issued from the Buchanan Court of Common Pleas, dated 10th December, 1861, and came into said sheriff's hands on the 19th of said month, and was levied by him on the land in suit on the 20th day of said month by endorsing thereon that he had made said levy; and afterwards, in January, 1862, he resigned his office of sheriff, and said execution in May, 1862, came to the hands of the coroner of said county, and was by him levied on as property of the defendant in said execution, and said property was sold by said coroner, and afterwards the sheriff who resigned sold the land in suit, his deed passes no title.

5. In order to entitle the defendants to maintain their defence under said sheriff's deed, as late sheriff of Livingston county, it is necessary for them to show both an execution and a judgment to authorize said sheriff to execute said deed.

6. If neither plaintiff nor defendants have title to the

land in suit, the party having prior possession is entitled to recover.

Which the court gave, and defendants excepted.

The defendants then moved the court to declare the law to be as follows:

1. The plaintiff had no right, in order to secure a debt of $2,200 or $2,400, to pay Jasper N. Bell, or any other person, $7,500 in cash for the land in controversy, and therefore the pretended conveyance from said Bell and wife to plaintiff is void.

2. The plaintiff has not shown a sufficient title to the land sued for to maintain its action.

3. If plaintiff purchased the land in controversy with a view to speculation, the pretended conveyance from Jasper N. Bell is void.

4. There is no such corporation as the Merchants' Bank of St. Louis.

5. The verdict should be for the defendants.

6. The plaintiff is not entitled to a verdict unless it has shown a legal title to the land in controversy ; and whether the defendants have any title, or color of title, is immaterial.

7. That the cutting of timber and making of rails on the land in controversy by Jasper N. Bell, is not such proof of title in him as will enable him, or any one claiming through him, to maintain this action.

The court gave the 3d, 6th and 7th instructions, and refused the others, to which refusal defendants excepted.

The deed from J. W. Bell to the Merchants' Bank was dated May 12, 1862.

*Vories & Vories* and *Carr*, for appellants.

I. The fact whether there is or was such a corporation as the respondent, or not, was expressly put in issue by the pleadings. The respondent produced no evidence of its acceptance of the charter, and no organization and user under it. This it was bound to do. The granting of the charter was a mere proposition held out by the State, which the

stockholders could accept or not. There is no legal evidence in regard to any of these facts, hence the court below erred in refusing to so declare the law—Ang. on Corp. § 635 ; R. C. 1855, pp. 727–8, § 26.

II. The powers and authority delegated and granted to a corporation are to be strictly construed—Pearce v. Madison, &c. R. R., 21 How. 441 ; Sedgw. on Stat. & Const. L. 338 ; Hoagland v. Hann. & St. Jo. R.R. Co. (Feb. Term, 1867) ; Fowler v. City of St. Jo., 37 Mo. 228.

III. The purchase of the land in controversy by the respondent was a direct violation of the charter of the respondent, hence illegal and void—Sess. Acts 1857, p. 21, § 26 ; Chautauque Co. Bk. v. Risley, 4 Den. 485 ; Bk. of Michigan v. Miles, 1 Doug. (Mich.) 401.

IV. The levy of an execution by a sheriff, while it is in full force, and during the term of office of said sheriff vests the title of the execution debtor in such officer, and he can consummate the levy by a sale after the expiration of his term of office, and under said levy and sale the purchaser will acquire a good title—Sess. Acts 1863, p. 29, § 2 & 3 ; Bk. of the State of Mo. v. Bray, 37 Mo. 194 ; Clark v. Withers, 1 Salk. 322 ; Tuttle v. Jackson, 6 Wend. 224 ; Adams v. Robinson, 1 Pick. 461.

V. Beattie & Wilson had a legal and valid execution levied on said land at the time of the purchase thereof by the respondent. It had notice thereof—they were *encumbrancers.* The levy vested the title in the sheriff; it was consummated by a sale. The purchaser under such levy and sale acquired a good title.

VI. The respondent was not a *bona fide* purchaser for value. Beattie and Wilson by their prior levy acquired the prior and equitable right. In such a case the prior right will prevail—Dickerson v. Tillinghast, 4 Pai. 215 ; 20 Johns. 636 ; Wood v. Chapin, 13 N. Y. 509 ; 4 Kent, 168.

VII. It cannot be maintained that the purchase of the respondent is good in part. It is tainted with illegality, which, like fraud, vitiates the whole purchase.

VIII. The declarations of law made at the instance of the respondent ignore the defence made by the appellants, and hence are wrong—Sawyer et al. v. Hann. & St. Jo. R.R. Co., 37 Mo. 263; Clark v. Hammerle, 27 Mo. 70. Let it be conceded that the respondent was a creditor of J. N. Bell as well as Beattie & Wilson, the execution creditors; that Beattie & Wilson got their execution on the land in controversy before the respondent got its deed or made its purchase, and the case is narrowed down to a contest between creditors. The respondent is not a *bona fide* purchaser for value in that case.

The recitals in the sheriff's deed are evidence of the facts therein stated; it was not objected to—R. C. 1855, p. 748. It is the policy of the law to sustain official sales—Draper v. Bryson, 17 Mo. 71. The plaintiff being a banking company, with power to receive deposits, discount bills, notes, &c., had no power to purchase the lands in question for $9,500 merely to offset or commute a debt due it from the vendor of $2,000—Ang. & A. on Corp. § 84 & 85; id. (N. S.) § 110 & 111; 5 Barb. 613; 4 Shep. 224; 4 Pet. 152; 1 Cow. 686; Kyd on Corp. 104; Ang. & A. § 151 & 152; 4 Denio, 400, 401; 10 Mo. 576; 1 Doug. (Mich.) 401; affirming case, 1 Walker Ch. 99; Coke on Litt., 2 Bk.; 1 Black. Com. 479; 2 Black. 268 & 274; 7 Cow. 540; 13 Pet. 519; 2 Cranch, 127; 4 Wheat. 636 & 593; 6 Wheat. 593; 6 Pet. 371; 9 Cow. 437; 2 Cow. 26, forfeiture for non or mis-user; 2 Cow. 664, 678; 2 Hill. Real Prop. 408, § 22; 15 Johns. 383; 2 Cow. 700, 709, 711; 7 Wend. 31; 3 Wend. 482; 15 Wend. 502; 4 Johns. 370; 7 Cow. 540; 3 Pick. 239; 4 Wheat. 315; 36 Mo. 294; 9 How. (U. S.) 172; 4 Wheat. 636; 12 Wheat. 64; 11 Pet. 544; 13 Pet. 587; 2 Cra. 127.

As to validity of sheriff's deed and the sufficiency of its recitals without a copy of judgment, execution, &c., 18 Mo. 580; § 56 & 62 of Execution law. 10 Sm. & M. 246, affirming same case in Sm. & M. 602.

Plaintiff must prove organization and user under its charter—4 Denio, 392; Ang. & A. on Corp. § 635. A corpora-

tion must prove its existence under the general issue—Bk. of Utica v. Smalley, 2 Cow. 770 ; Jackson v. Plumb, 8 Johns. 378; Bk. of Auburn v. Aiken, 19 Johns. 300; Kyd on Corp. 292.

*Hall & Oliver*, for respondent.

I. The act incorporating plaintiff is valid and constitutional—Farmers' Bk. v. Garten et al., 34 Mo. 119.

II. The purchase by plaintiff of the land in suit was in exact accordance with its charter. The purchase was made for the sole purpose of securing a debt previously contracted in good faith—§ 28, "Act to regulate banks," &c., Laws of Mo. 1856–7, p. 21.

III. The court below, at the instance of defendants, declared the law to be that if plaintiff purchased the land in suit for purposes of speculation, the transaction is void ; but still the court found for plaintiff: in other words, the court found from the evidence that plaintiff did not buy the land in controversy for speculation, but for purposes authorized by its charter. The evidence certainly justified this finding, and the court will not interfere with it—McCullough v. McCullough, 21 Mo. 229.

IV. But, even if the plaintiff did buy the land sued for as a mere speculation, the defendants cannot avail themselves of this fact. The rule is, that while the right of a corporation to hold land is limited to the necessities of the company, yet if the owners of the land desire to convey it to the corporation, the right to hold the land is a question between the corporation and the public—Redf. on Railw. 105, n. 4 ; 11 Wend. 149 ; 3 Coms. 516 ; Ang. & A. on Corp. § 152 & 153 ; 5 Denio, 400–1 ; 7 S. & R. 318; 7 Barb. 239 ; 2 How. 191.

V. On the trial of this case defendants attempted to set up an outstanding title in a stranger in order to defeat plaintiff's recovery. The court below properly refused to permit this to be done : 1. Because defendants in their answer set up title in themselves ; 2. Because defendants wrongfully and without title entered on the possession of defendants

and were trespassers; 3. Because the outstanding title relied on by defendants was barred by the statute of limitations—20 Mo. 104 ; 21 Mo. 543; 1 McAllister, 230; Lowder v. McMillan, 1 Dana, 460; Lessee of Ludlow's heirs v. McBride, 3 Ohio, 255; Christy v. Scott, 14 How. 282 ; George Creek Coal & Iron Co. v. Detmold, 1 Md. 225 ; 2 Har. & J. 125 ; 4 Dana, 562; 27 Mo. 410 ; 4 Johns. 211 ; 2 U. S. Dig. 123, § 96; 33 Barb. 389.

VI. The declarations of law given by the court below in behalf of plaintiff are correct; they assert the following propositions: 1. That when both plaintiff and defendant in ejectment claim under the same grantor, it is *prima facie* sufficient to prove the derivation of title from him without proving his title. 2. That the possession of a part of a tract of land in the name of the whole tract claimed, and exercising during the possession the usual acts of ownership on the whole tract so claimed, and continuing such possession for ten years, gives title under our statute. 3. That if a sheriff, after levying an execution on land by merely endorsing the fact on the execution, resign, and deliver the execution to his successor in office, he cannot fifteen months after the return day of the execution sell the land levied on, and make a valid title to the purchaser, so as to defeat the right of a purchaser for a valuable consideration, acquired after the levy by and from defendants in the execution. 4. That in an action of ejectment, a party claiming title under sheriff's deed must show both a judgment and execution. 5. That in such action, if neither party has title, the party having the prior possession must prevail. All of these propositions are abundantly sustained by the authorities—2 Greenl. Ev. § 307 ; Marr v. McIntosh, 21 Mo. 541 ; R. C. 1855, p. 1046, § 5; Owens v. Patterson, 6 B. Mon. 488; Lackey v. Lubke, 36 Mo. 116; Morrison v. Dent, 10 Mo. 176; Blair v. Coppedge, 16 Mo. 495 ; Gwynne on Sheriffs, 336–7 ; Ang. on Lim. § 381; 11 Mo. 8; 3 Ohio, 255; Dunnica v. Coy, 28 Mo. 527 ; 29 Mo. 369; 8 Bac. Abridg. 683.

VII. The court below excluded a deed offered in evidence

by plaintiff from Turner and wife to Jasper N. Bell. This deed gives plaintiff a perfect title, and should have been admitted in evidence. The judgment below was clearly for the right party, and this court will not disturb it—R. C. 1855, p. 753, § 58, & p. 365, § 46; 17 Mo. 841; Greenl. Ev. §§ 564, 565, 566; 22 Wend. 393; Adams on Eject. 309, n.; 36 Mo. 591; 8 Cow. 71; 9 Cow. 126; 1 Greenl. Ev. § 571; 1 Ohio, 14; 2 Ohio, 379; 3 Ohio, 154; 6 Ohio, 279; 28 Mo. 419.

VIII. The act entitled "An act in relation to executions," approved March 23, 1863 (Laws of Mo. 1863, p. 20), does not apply to this case.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment for the possession of a tract of land lying in the county of Livingston. The petition alleged that the plaintiff was a corporation under the laws of the State. The answer denies the material allegations of the petition. Both parties claimed title under Jasper N. Bell, the common grantor. It was amply proved that Jasper N. Bell, prior to any conveyance to either party, had had possession of the land claiming title by and for nearly ten years at least. Documentary evidence was offered by the plaintiff to show a complete chain of title from the United States to Jasper N. Bell, but one of the deeds was excluded on the ground of a defective acknowledgment. The notary public who took the acknowledgment described himself in the body of the acknowledgment as a notary public within and for the county of Livingston, but appended to his signature his official character in these words, "Notary Public Howard county." We are inclined to think that the deed should have been admitted; but being excluded, there was still evidence enough to show a possession of the land by one claiming title by deed, and there was sufficient *prima facie* evidence of title to entitle the plaintiff to recover, until a prior or better title should be shown. And further, as both parties claimed title under a common grantor, the title of the ancestor was admitted, and could not be denied in this case.

"When both parties claim under the same third person, it is *prima facie* sufficient to prove a derivation of title from him without proving his title"—2 Greenl. Ev. § 307.

The answer denied that the plaintiff was a corporation, and this fact was put in issue. To support this issue, the plaintiff read in evidence the act of the Legislature incorporating the bank and prescribing the mode in which it should be organized, and there was ample evidence tending to show that the bank had gone into operation under the act, and to show acts of user. The acts of user which were proved were *prima facie* evidence under the charter—Ang. on Corp. § 635. No evidence was offered by the defendant to the contrary. We think it was sufficiently proved that the plaintiff was a corporation.

It appeared in evidence that this land was purchased by the bank by way of securing the payment of a debt due from Jasper N. Bell amounting to about $2,400; that the land was worth some $9,500, but was subject to the prior lien of a deed of trust; and that the balance of the purchase money, amounting to about $7,000, was paid to the holder of the deed of trust to discharge this prior encumbrance, and that the land was purchased by the bank for the sole purpose of securing the payment of the debt.

It was objected that this purchase was not authorized by the charter of the bank, and that the deed was therefore null and void. There was no other prohibition on the bank from the purchase of real estate than that contained in the 26th section of the act to regulate banking institutions (Laws of 1856-7, p. 21), which provides that "each bank may hold such real estate as may be required for the convenience and accommodation of said bank and branches, and such as may be conveyed to the same in payment of debts previously contracted in good faith and without a view to the purchase thereof; and also such as may be purchased at sales upon judgments and decrees in favor of the bank, when it shall be purchased in order to secure the debt. But the bank shall as soon as practicable, under the direction of the board, dis-

pose of all real estate held by it which is not necessary to the transaction of its business."

It is insisted that this purchase was made on speculation, and not necessarily to secure the payment of a debt previously contracted in good faith and without a view to the purchase thereof. The real value of the property was what it was worth over and above the prior encumbrance, and this does not appear to have been much (if any) more than the amount of the debt due the bank. We do not see that there was any ground for saying that the purchase was not made in good faith and for the purpose of securing the payment of the debt, and we think it came clearly within the power given by the charter.

The defendant claims under a sheriff's deed, upon a sale of this land by the sheriff of the county of Livingston under a judgment and execution againt Jasper N. Bell. The deed to the plaintiff was dated and recorded on the 12th of May, 1862; the judgment was rendered on the 2d day of December, 1861, in the Court of Common Pleas of Buchanan county; and the execution was issued to the sheriff of Livingston county on the 10th day of December, 1861, and was by him levied on this land in no other way than by endorsement of the levy, with a description of the property, on the execution in his office, on the 20th day of December following. Before proceeding further with the levy, the sheriff, in May, 1862, resigned his office and turned over his unexecuted process, this execution included, to the coroner of the county. The coroner proceeded to make other levies under the execution on other property, both real and personal, and made return thereon of his execution of these levies. It further appears by a return made subsequently on the same execution, that it had somehow come again into the hands of the former sheriff, who endorsed a return thereon that he had on the 9th day of July, 1863, sold the lands described in the accompanying levy, at the courthouse door of Livingston county, to the Bank of the State of Missouri, for the sum of twelve dollars and fifty cents. This return does not

state that the sale was made during the session of any court. It is insisted by the defendants that the sheriff, having made his endorsement of a levy before his resignation, had power and authority under the statute to go on and complete the levy, by an advertisement and sale, after his resignation, and notwithstanding that he had turned over the writ unexecuted to the coroner, his successor in office· for the time being. The statute provides that it shall be the duty of a sheriff who has resigned " to deliver over all writs of execution not executed to such person as may have been elected or appointed and qualified to discharge the duties of sheriff, and such new sheriff shall receive all such writs, and proceed to execute the same in the same manner as if such writ had been originally addressed to him"; and "when the office of sheriff shall be vacant by death or otherwise, the coroner of the county is authorized to perform all the duties which are required by law to be performed by the sheriff, until another sheriff for such county shall be appointed and qualified"—R. C. 1855, p. 368, § 3, & p. 749, § 59. In the case of Dunnica v. Coy, 28 Mo. 525, the sheriff who first received the writ had merely endorsed a levy on the execution in his office, but had not advertised the land for sale : the court said it was " difficult to perceive how he had made a levy at all"; and it was expressly held that the writ was not executed within the meaning of the statute, but was in a condition that authorized the sheriff who received it to deliver it over to his successor, to be executed by him under the provisions of the statute above cited. This execution was actually delivered over to the coroner as unexecuted, and he was bound to proceed and execute the writ himself. He might have adopted the levy so far as made by the former sheriff. In Duncan v. Matney, 29 Mo. 368, where the former sheriff had not only endorsed a levy, but advertised the property, before turning over the writ to his successor, it was held that the successor was bound to adopt the acts of his predecessor, without incurring the expense of a new levy and advertisement, unless satisfied that they were illegal and irregular. And in the

case of Carr v. Youse, *ante* p. 346, where a new sheriff had been appointed, it was held to be entirely proper for the coroner to deliver over his unexecuted process to the new sheriff, and that it was legal and proper for the sheriff to complete the execution of it. It is very probable that the sheriff might have had power under the 62d sec. of the "Act concerning executions" to proceed and complete a levy which had actually been made by him, by making a sale and deed of the property. But in thus determining the question, whether a valid levy had been made here, it is sufficient, we think, that the execution had been actually handed over to his successor, whereby his power over the execution and his whole function as sheriff had ceased and come to an end ; he no longer had any authority to act in the matter, and his subsequent proceedings, the sale, and the sheriff's deed, must be held to have been null and void.

These points settle the merits of the case and dispose of all the instructions but one. The court gave one instruction for the plaintiff to the effect that to maintain the defendants' title under their sheriff's deed, it was necessary for them to show both the judgment and execution to authorize the execution of a deed. It was decided by this court, at the last October term, that the sheriff's deed and the recitals therein contained, as required by the statute, were *prima facie* evidence of the existence of a judgment without producing a certified transcript of the record thereof, and on the authority of this decision it would be held that this instruction was erroneous. But inasmuch as the sale and the sheriff's deed were void and wholly ineffectual to convey any title for the reasons above given, it cannot be said that the defendants suffered any prejudice by this error, and it would be of no avail to them to have a reversal of the judgment on this ground.

The judgment being for the right party, and there being no errors of which the defendants have a right to complain, it will be affirmed.

The other judges concur.