[No. 2,968.]

## R. S. THOMPSON v. OWEN CONNOLLY.

DESCRIPTION OF LAND IN JUDGMENT PRESUMED DEFINITE. — Where a judgment divided land as between the parties by a line as laid down upon a certain map annexed to the judgment, and it was objected that the line was too vague and uncertain, and that the map furnished no data for its correct location: *held*, that all intendments were in favor of the judgment, and, in the absence of an affirmative showing to the contrary, it would be assumed that the line could be located with entire precision.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*W. H. Patterson*, for Appellant.

The division line of the property awarded to the plaintiff and defendant, respectively, is too indefinite and uncertain to support the judgment against a direct attack in the same proceeding. As will be seen on inspection of the original map attached to the judgment roll, the line is not a line of survey, but simply an imaginary one on paper, without measurement, course, or distance. Not being one of the calls in the description set out in the complaint, it cannot be presumed to have been ascertained and settled in the action. And whenever it becomes necessary to ascertain and settle it to determine the rights of the defendant, he is entitled to contest it.

It is not necessary to claim that the judgment is void, but only that the verdict is insufficient in its recitals to support

it. (*Riley* v. *Smith,* 9 Allen, 370; *Atwood* v. *Atwood,* 22 Pick. 283; *Miller* v. *Miller,* 16 Pick. 215; *Smith* v. *Jenks,* 10 Sergeant and Rawle, 153; *Orten* v. *Noonan,* 18 Wis. 447.)

*Elisha Cook,* for Respondent.

The verdict is sufficiently certain (and will so be considered unless the record clearly shows that it is not) for the Sheriff to ascertain the land referred to therein. There is nothing in the record showing that the Sheriff could not readily ascertain the property, and every intendment being in favor of the verdict and judgment, the presumption is that every call, mark, line, tract, map, and other thing, referred to in the verdict, can be readily ascertained by the Sheriff. (*Tyson* v. *Passmore,* 7 Barr. 273; 17 Serg. & Rawle, 393; 5 Watts, 371.)

If, as claimed by appellant, no land is designated or can be ascertained by reason of uncertainty, the verdict and judgment are harmless; no injury has been done and the appeal should be dismissed. If the verdict was informal, the appellant should have excepted to it at the time of its rendition, and should have moved the Court below for a new trial and to set aside the verdict. There is no pretense that the verdict is void.

By the Court, Crockett, J.:

The action is to recover the possession of a fractional fifty-vara lot situate in the City of San Francisco, and bounded on three of its sides by streets. The verdict of the jury was in these words: "We, the jury in this cause, find a verdict in favor of the plaintiff for the possession of all the lands, being that portion of fifty-vara lot No. 6, in Block No. 214, colored in red and lying west of the Hill tract line, as laid down on a certain map filed this day in this cause; and we further find a verdict in favor of the defendant for all the

land colored white and lying east of said Hill tract line, as appears by said above named map." A judgment was entered in accordance with the verdict, and a copy of the map was annexed to and forms a part of the judgment and judgment roll.

This appeal is by the defendant, from the judgment, on the judgment roll, and the only ground relied upon for a reversal of the judgment is that the verdict, in describing and locating the division line between the two parcels of land, awarded to the plaintiff and defendant, respectively, is too vague and uncertain to support the judgment. In support of this proposition, it is said that the line of the Hill tract is a mere imaginary line, and that the map furnishes no data for its correct location, nor for ascertaining the quantity of land awarded to the parties severally, or the precise location of either parcel. But we cannot assume that the line of the Hill tract is a purely ideal line, having no visible existence on the ground. For aught that appears, it may be defined by visible monuments, and its exact location may be a matter of notoriety in the vicinity. All the intendments are in support of the judgment, and there is nothing in the record to raise a reasonable doubt that the land awarded to the plaintiff and defendant, severally, can be located with entire precision.

Judgment affirmed.

Mr. Justice TEMPLE did not participate in the foregoing decision.