## JAMES H. SPARGO, Respondent, v. FRITZ E. NELSON and Others, Appellants.

Mechanic's Liens.—Law of 1890.—Cancellation of Void.—Notice of Intention to Claim a Lien.—Estoppel.—The owner of lot contracts with a lumber company to furnish material to build a house on the lot. The company after having furnished a portion of the material, files a notice of intention to hold and claim a lien (under the act approved March 12th, 1890, relative to Mechanic's Liens) not only for the material already furnished, but for all the material which was to be furnished under its contract. The owner informs the company that he cannot borrow money on the property by mortgage unless the notice of intention to hold and claim a lien is canceled. Whereupon the company cancels the notice and receives part of the borrowed money in payment for material already furnished. After the mortgage is filed, the company files another lien for material, which was commenced to be furnished before the date of filing the mortgage. *Held*, that the lien of the company attached before the lien of the mortgage, but that the company is estopped by its own acts from insisting on priority of lien, and that the fact that the company did not know at the time that plaintiff loaned the money, and the further fact that the notice of the lien that had been canceled was void under the statute (which extended the right only to sub-contractors), did not change the status of the parties nor operate against the estoppel.

(No. 485.  Decided June 28, 1894.  37 P. R. 495.)

Appeal from the District Court of the Fourth Judicial District.  Hon. James A. Miner, *Judge.*

Action by James H. Spargo against Fritz E. Nelson, the Eccles Lumber Company and others, to foreclose a mortgage and to have the same decreed a superior lien to that of the Eccles Lumber Company, and to restrain and enjoin the Eccles Lumber Company and G. R. Belknap from

selling the property covered by the mortgage under a mechanic's lien foreclosure. From a judgment for plaintiff, the Eccles Lumber Company and G. R. Belknap appeal. *Affirmed.*

The opinion states the facts except the following: That the Eccles Lumber Company is a principal contractor, and that § 12 of the act of March 12th, 1890, relative to mechanic's liens, only extends the right to file a notice of intention to hold and claim a lien to sub-contractors of either decree.

*Messrs. Evans & Rogers,* for appellants.

The notice of intention to hold and claim a lien filed by the Eccles Lumber Company, which was the principal contractor was void *ab initio,* Session Laws 1890, p. 26, § 12. Phillips on Mechanic's Liens, §§ 223, 342; *Conroy* v. *Peery,* 26 Kas. 472. It could hardly be said that respondent's complaint contained the necessary averments to make a plea of estoppel. Bliss on Code Plead. § 364; Bigelow on Estoppel, 709; *Anderson* v. *Hubble,* 93 Ind. 570; *Noble* v. *Blount,* 77 Mo. 235. The so-called representations could not work an estoppel for two reasons. First, because they were not material; and second, because they could not be extended to events of the future. It made no representation that it would not claim a lien in the future, if it continued to supply material for said structure. *Insurance Co.* v. *Mowry,* 96 U. S. 544; *Planter's Ins. Co.* v. *Selma Bank,* 63 Ala. 585; *Williamson* v. *Mimms,* 49 Ark. 336; Bigelow on Estoppel, 486. Again, respondent cannot consistently rely upon an estoppel without showing good faith and due diligence on his part to ascertain the truth. *Morgan* v. *Farrell,* 58 Conn. 413; Bigelow on Est. 480; *Moore* v. *Bowman,* 47 N. H. 499.

*Messrs. Rhodes & Pash,* for respondent.

BARTCH, J.:

This action was brought to recover a debt of $1,400, secured by mortgage on certain real property, and to have the mortgage declared to be a lien prior and superior to a certain mechanic's lien of the defendant Eccles Lumber Company, filed for record after the mortgage had been filed. It appears from the record that on the 18th day of July, 1891, the defendant Nelson, who was the owner of a certain lot in the city of Ogden, entered into an agreement with the defendant company by the terms of which the company was to furnish him the material necessary to construct a house on his lot; that the company, on the 30th day of July, 1891, after having furnished a portion of the material, the house being in course of construction, filed, in the proper office, a notice of intention to claim a lien on the house and lot for money due and to become due because of the furnishing the material; and that on the 4th day of September, 1891, the defendant Nelson applied to the plaintiff for a loan of $1,400, and proposed to secure it by executing a mortgage on the same property. The plaintiff, discovering the lien of the Eccles Lumber Company, refused to make the loan unless the notice of intention to claim the lien would be canceled by the company. Nelson then informed the company that he could borrow money on the property if their notice of lien were canceled, but did not inform it of whom he could get it. He also agreed with the company that he would pay it the amount called for in the notice, which was $459.30. The company then canceled the notice of lien. Thereupon, on the 28th day of September, 1891, the plaintiff loaned Nelson the money, taking his promissory note, which was also signed by the defendant Hansen, therefor. As security for the note, Nelson executed and delivered to the plaintiff a mortgage on the house and lot, which mortgage was duly placed on record. Thereafter,

on the 11th day of November, 1891, the defendant company filed another notice of lien, for $290, on the same property. This lien was afterwards foreclosed, and, at the time this action was instituted by the plaintiff, the property was advertised for sale. The defendant Belknap was the officer who was executing the order of sale. Under this state of facts, the court below held that the mortgage lien of the plaintiff was paramount and superior to the mechanic's lien of the defendant company, and entered judgment accordingly, and restrained the company from selling the property. From this judgment the defendants the Eccles Lumber Company and Belknap appealed, assigning as error the holding the mortgage lien of respondent paramount and superior to the mechanic's lien of the appellant company and the issuing of the restraining order.

Counsel for appellants insist that under the act approved March 12, 1890, relating to mechanics' liens, which was in force at the time of this transaction, the lien of the appellant company was paramount and superior to the mortgage lien of the respondent, because it attached first in point of time. This contention is correct, and must be sustained, unless the appellant company is estopped, by its own acts or conduct, from insisting on its lien as against the respondent, for it will be noticed from the facts in this case that the company commenced to furnish material for the erection of the house before the mortgage security was given; and this court, in *Morrison* v. *Carey-Lombard Co.*, 9 Utah, 70, 33 Pac. 238, held that the lien of a person who furnished material for the construction of a house attached on the day when he commenced to furnish the material. In the case at bar the date of commencing to furnish material was prior to the date of the mortgage. Is, then, the appellant company estopped from insisting on its lien, as against the respondent, because of its own acts? When the defendant Nelson informed the company that

he could borrow money if it would release its notice of
lien, and agreed to pay it the amount the notice called
for, the company caused the notice of lien to be canceled
of record, as follows: "Cancellation: I, Thomas D. Dee,
secretary of the Eccles Lumber Company, do hereby
release and discharge the lien herein created. The Eccles
Lumber Company, by Thomas D. Dee, Sec'y." This was
a deliberate cancellation of the lien, and, from the fact
that Nelson had informed the company of his futile
efforts to obtain money with the incumbrance on his prop-
erty, it must be held that the cancellation was made for
the purpose of an inducement to the party with whom
Nelson was dealing.

The mere fact that the company was not informed by
Nelson that the plaintiff was the party with whom he was
negotiating can make no difference, for it was aware that,
whoever the party might be, he was unwilling and had
refused to loan the money so long as there was a prior
incumbrance on the property, and with this knowledge
caused the release to be executed. Nor does the fact that
the notice of lien released was not necessary to effect a
lien under our statute change the status of the parties to
the transaction, for manifestly the intent was to induce
the party, whoever he might be, to part with his money
by doing an act which would lead him to believe, under a
misapprehension of law, that the mortgage would, after the
release, be a paramount lien. In consideration of this act,
the company were to and did receive a portion of the
money so obtained, in payment of the amount due it from
Nelson. A court of equity will not lend its aid in further-
ance of such a scheme as is presented in this record.
Where a party who has a right of lien against property,
for the purpose of inducing another person to loan money
on the same property as security, releases such right, such
party after such person has so loaned the money on the

faith of such security, will not be heard to reassert his right of lien, as against the person who so parted with his money. Bigelow, Estop. p. 502; *Copeland* v. *Copeland*, 28 Mo. 525; *Bank* v. *Morgan*, 117 U. S. 96, 6 Sup. Ct. 657; *Markham* v. *O'Connor*, 21 Am. Rep. 249; *Faxton* v. *Faxon*, 28 Mich. 159; *Truesdail* v. *Ward*, 24 Mich. 117. We are of the opinion that the facts and circumstances of this case, as they appear both from the pleadings and record, are of such a nature as to constitute an estoppel, and that, therefore, the lien of the appellant company is inferior and subordinate to the lien of the respondent. The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.