[No. 3892.]

## THE BAY STATE MINING & TOWNSITE CO. v. JACKSON ET AL.

1. PLEADING—DESCRIPTION OF LAND.

A description of land in a complaint from which any one familiar with the property could identify it, is sufficient, notwithstanding it is not described by legal subdivisions or by metes and bounds.

2. PLEADING—ALLEGATION OF PUBLIC SALE.

An allegation in a complaint that the premises were struck off and sold to the highest and best bidder, the time and place of sale thereof having been duly advertised according to law, is a sufficient allegation of a sale at public vendue.

3. EVIDENCE—SHERIFF'S DEED.

The recitals in a sheriff's deed are *prima facie* evidence that the provisions of the law in relation to the sale of land upon execution have been complied with.

4. SAME.

Where the purchaser at a sheriff's sale assigned the certificate of purchase, a recital of the assignment in the sheriff's deed to the assignee was *prima facie* proof of the assignment.

5. EVIDENCE—TITLE—COMMON SOURCE.

In an action for possession of real property, where both parties claim

under the same third party, it is *prima facie* sufficient to prove a derivation of title from such party, without proving his title.

6. MINING CLAIM—ABANDONMENT—EVIDENCE—ESTOPPEL.

To constitute an abandonment of a placer mining claim the party must leave the property with the intention of relinquishing all right to it. A conveyance of the property is evidence of a claim to it, and conclusively shows that no abandonment had taken place, and the acceptance of the deed conclusively precludes the vendee from asserting that the premises had been abandoned by the vendor.

*Appeal from the District Court of Gilpin County.*

THIS is an action brought by appellees in the district court of Gilpin county to recover possession of certain placer ground situate in Bay State mining district, Gilpin county, Colorado, and described in their complaint as follows: "A certain gulch or placer mining claim bounded as follows, commencing at the upper boundary line of claim number eighty-seven (87) and running thence down the North Fork of Clear Creek twenty-five hundred feet to the upper boundary line of claim number one hundred and twelve (112), and in width from bank to bank; the above property known as the Jo Welch placer claim." They predicate their right to the relief sought upon the following facts:

An action was instituted in the district court of Gilpin county on December 4, 1894, by Wm. C. Stephenson against Joseph Welch, and a writ of attachment issued and levied upon the claim in controversy. On June 11, 1895, judgment was rendered in favor of plaintiff, execution issued thereon and the property sold thereunder on August 24, 1895, to Stephenson; certificate of purchase was issued to him on same day by sheriff, and filed for record August 27, 1895. A copy of the assignment of the certificate of purchase to appellees on March 5, 1896, was admitted in evidence, with the understanding that should the plaintiff fail to lay the foundation for the admission of such copy by showing a loss of the original, the same to be afterwards excluded. Plaintiff failing to make such showing, the same was excluded. On May 25, 1896, the sheriff executed his deed conveying

all the right, title and interest of said Welch in the premises in controversy to appellees, which, *inter alia*, recited the assignment of such certificate of purchase by Stephenson to them. On April 3, 1896, Welch executed to appellant his quitclaim deed conveying the premises in controversy, describing the same substantially as they were described in the complaint, and further identifying them as having theretofore been occupied and worked by him; which deed also contained a covenant for further assurance of title by the grantor. On April 7, the company entered into possession of the premises, and was in possession, working the same, at the time this suit was commenced.

In addition to the foregoing record evidence, plaintiffs produced as a witness Mr. Hooper, the sheriff who served the summons and writ of attachment upon Welch in the Stephenson case, who testified that he served the papers on Joseph Welch in his house on his place on North Clear creek, about three fourths of a mile above the forks of the creek; that he had a conversation with Welch as to the claims described in the papers, and that Welch stated he was in possession of, and owned, the property. Julius C. Jackson, one of the appellees, testified that he knew the Joseph Welch place, and that the premises described by Mr. Hooper, upon which he served the papers, were the premises in controversy. The defendant introduced testimony to the effect that the defendant company entered upon and occupied the premises in controversy April 7, 1896, and continued in possession, working the same, until the commencement of this action; and that for two or three days prior to April 3, 1896, Welch was not in the occupation of the property, but was in Denver; and that he had not occupied the premises since. The case was tried to a jury, and upon the conclusion of the testimony the court refused certain instructions asked by defendant, and directed the jury to return a verdict in favor of plaintiffs. Judgment was entered upon this verdict, from which the company appeals.

Mr. O. A. ERDMAN and Mr. JOHN R. SMITH, for appellant.

Mr. GEORGE W. FORMAN, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

The sufficiency of the complaint was attacked by demurrer, and also by objection to the introduction of testimony, the objections relied on being that the complaint was defective in failing to describe the property by legal subdivisions, or by metes and bounds, and in failing to aver that the sale under the execution was at public vendue.  We do not think these objections well taken.  It will be seen that the bounds of the placer were given, and that the description was sufficient to enable any one familiar with the property to identify it.  It was sufficient to enable the sheriff to identify it and subject it to sale under the execution, and is almost identical with the description by which it was conveyed by Welch to the defendant company.  It also alleges that the premises were struck off and sold to Stephenson, he being the highest and best bidder, the time and place of sale thereof having been duly advertised according to law.  From this allegation it is clearly apparent that the sale was at public vendue.

It is further urged that the evidence is insufficient to show that plaintiffs obtained any title by virtue of the proceedings under the Stephenson judgment, for the reason that the return on the execution was fatally defective in not stating that the sale was made at public vendue, and because the copy of the assignment of the certificate of purchase from Stephenson to them having been excluded, there was no evidence showing that they were entitled to the sheriff's deed.

If there was any merit in these objections, which we do not admit, they were obviated by the recitals in the sheriff's deed, which was in conformity with Mills' Ann. Stats. secs. 2553, 2554, and which, by section 2555; is made evidence that the provisions of the law in relation to sales of land upon execution were complied with, until the contrary shall be shown.

The principal ground relied on for reversal is that the evidence failed to establish any title or right of possession, in Welch, to the premises in controversy. The testimony discloses that at the time of the levy of the writ of attachment Welch was in the actual occupancy of the premises, claiming the possession and ownership of the same. But aside from this, we do not think that in the circumstances of this case, it was incumbent upon the plaintiff to show title in Welch, he being the common source from which both parties derived title to the premises. They were not required to trace their title beyond such common source until the defendant showed some title in itself *aliunde* that acquired from Welch. "When both parties claim under the same third person, it is *prima facie* sufficient to prove a derivation of title from him, without proving his title." 2 Green. on Ev. sec. 307. See also, *Lessee of Cooper v. Galbraith*, 3 Wash. C. C. Rep. 546, *Merchants' Bank of St. Louis v. Harrison*, 39 Mo. 433, *Miller v. Hardin*, 64 Mo. 545, *McCready v. Landsdale*, 58 Miss. 877, *Izlar v. Haitley*, 24 S. C. 382, and *Horning v. Sweet*, 27 Minn. 277.

While it is true that the defendant, by its answer, denies that it claims the right of possession by virtue of the deed from Welch, yet it appears from the evidence that four days after the execution of the deed they entered into possession of the premises, and have remained in possession ever since; and there is no evidence to show that they ever acquired any other title thereto by location or otherwise. Their claim that Welch abandoned the placer intervening the levy of attachment in the Stephenson case and the acceptance of the deed by them, is also untenable, under the facts disclosed in the record. The time at which Mr. Ingram testifies that Welch was not in possession of the claim, he was in Denver two or three days; and on that occasion he executed the deed to the company, which not only conveyed the ground in dispute, together with all buildings and flumes, but also the lumber, mining tools, implements, etc., thereon; which also contains, as we have seen, the covenant for further assurance of title.

To constitute an abandonment, the party must leave the property, with the intention of relinquishing all right to it; and the fact, as evidenced by the conveyance, that Welch then claimed the property, conclusively shows that no abandonment had then taken place. The acceptance of the deed by the company, and the entering into possession thereunder, conclusively precludes it from asserting that the premises had been abandoned.

Other errors are predicated upon the exclusion of certain evidence offered by defendant, but we are unable to see wherein the testimony offered was in any way material upon the issues in the case, or that its exclusion in any way prejudiced the rights of defendant. After a careful examination of the record, we are satisfied that the court properly instructed the jury to return a verdict in favor of plaintiffs. The judgment of the district court is therefore affirmed.

*Affirmed.*