[Civ. No. 620.   Third Appellate District.—April 29, 1910.]

## H. B. MERRYMAN and ROSE F. MERRYMAN, His Wife, Respondents, v. GEORGE KIRBY et al., Appellants.

EJECTMENT—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint in ejectment which alleges ownership and possession by plaintiffs at the time of the entry of the defendants, and ownership at the time of the commencement of the action, and that defendants, on or about a day specified, unlawfully entered the premises, and still withhold the possession thereof from plaintiffs, contains all of the averments required in an action of this character.

ID.—ISSUE RAISED BY ANSWER—TRIAL—WAIVER OF OBJECTION UPON APPEAL.—Where the defendants in their answer denied that plaintiffs *now are*, or during all of the times hereinafter mentioned, or at any other time, or at all, were, or either or any of them, were, the owners of the land and premises, they tendered an issue as to the seisin of plaintiff up to the time the action was brought; and when that issue was tried and determined against the defendants, it is too late for them to raise the objection upon appeal that no such issue was tendered by the complaint.

ID.—SUFFICIENCY OF DESCRIPTION OF LAND—IDENTITY—PRESUMPTION. It is sufficient that the description of the land can be so identified that in the event of a recovery the officer executing the writ will know what land plaintiff is entitled to, and thus be enabled to effect the purpose of the·action. Where the·description is not manifestly insufficient to identify the property, so that it can be located on the ground, it must be presumed, in the absence of evidence to the contrary, that the corners referred to in the description are marked so as to be easily identified.

ID.—MODES OF DESCRIPTION.—The premises may be sufficiently described by a particular name, by which they are known, by their boundaries, by number, by lot and concession, or by section and township, or as part of a section of a certain survey.

ID.—EVIDENCE NOT BROUGHT UP—INTENDMENTS IN FAVOR OF JUDG-
MENT.—Whatever may appear from the pleadings, where the evi-
dence is not brought up, all intendments are in favor of the judg-
ment; and it must .be assumed that the land awarded can be
located with precision.

ID.—DESCRIPTION DEEMED SUFFICIENT.—The description of the land
in the complaint as "That portion of said lot No. 4 of said section
31, in township 8 N., R. 1 E., H. B. & M., commencing at the
southwest corner of the southeast quarter of said section 31, and
running thence north two chains to a stake, thence west to where
such line would intersect the westerly line of said lot four, thence
southerly along the westerly line of said lot four, to the southwest
corner of said lot four; thence east to the place of beginning,"
must be assumed, in the absence of evidence to the contrary, to
locate the corners referred to so that they can be easily identified.

APPEAL from a judgment of the Superior Court of Humboldt County.   E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, Adam Thompson, and Robt. T. Devlin, for Appellants.

E. M. Frost, and A. J. Monroe, for Respondents.

BURNETT, J.—The action is in ejectment and the appeal is upon the judgment-roll alone from the judgment in favor of plaintiffs.

No demurrer to the complaint was interposed but the appellants now contend that the complaint states no cause of action.   In this connection it is asserted that there is no allegation as to ownership of the property at the time of the commencement of the action.   Citation is made of authorities to the effect that "plaintiffs must show that at the time of the commencement of the action they have the proper title or interest to support the action of ejectment" (*Moore* v. *Tice*, 22 Cal. 513), and "he must also have the right to the possession of the land disputed." (*Hawxhurst* v. *Lander*, 28 Cal. 331.)

But there are at least two sufficient answers to the contention of appellants.   The first one is that the complaint does allege that plaintiffs are the owners of said property, and, secondly, if this were not so, the averments of the answer

would cure the defect. The allegation is, "That the plaintiffs now *are* and during all the times herein mentioned were either the owners of or their immediate grantors were the owners of the land and premises hereinafter described," etc. The term "owners" is clearly implied after the word "are," and it is safe to say that no one could misunderstand such to be the meaning of the pleader. Again, it is alleged "That said plaintiffs or their said grantors were the owners in fee of those certain lots . . . and are such owners now and during all of the times hereinafter mentioned and in the possession thereof. That while so possessed defendants on or about the——day of May, 1907, without right or title so to do, entered that portion of said lot number 4 of said section described as follows, to wit." We have, therefore, the allegation of ownership and possession by plaintiffs at the time of the entry of defendants, the allegation of ownership at the time of the commencement of the action, and that defendants unlawfully entered the premises and still withhold the possession thereof from plaintiffs. These are all the averments required in an action of this character. (*Payne* v. *Treadwell,* 16 Cal. 243; *Keller* v. *Ruiz de Ocana,* 48 Cal. 638; *Johnson* v. *Vance,* 86 Cal. 128, [24 Pac. 863].)

Again, the defendants in their answer "deny that the plaintiffs *now are* or during all the times hereinafter mentioned or at any other time or at all were, or either or any of them were the owners of . . . the lands and premises," etc.

In *Vance* v. *Anderson,* 113 Cal. 536, [45 Pac. 817], it is said: "We shall, however, assume that it was the duty of the plaintiff to tender to the defendants an issue as to her seisin or ownership at the date of the bringing of the suit. But the defendants did not wait, as they might well have done, for such tender, for in their answer they not only denied the seisin and right to possession of the plaintiff on the 1st of May, 1894, but added 'or at any other time, or at all, or is now seised in fee,' etc., as above quoted. When defendants thus tendered an issue as to the seisin of plaintiff up to the time the action was brought, and that issue was tried and determined against the defendants, it was too late to raise the objection here."

Appellants are equally at fault in the claim that the land is insufficiently described. ''In ejectment the land should be so defined that in the event of a recovery, the officer executing the writ of possession will know to what land plaintiff is entitled, and thus be enabled to effect the purpose of the action.'' (*Bay State M. & T. Co.* v. *Jackson,* 27 Colo. 139, [60 Pac. 573].) But it must be manifest that the description here does not appear on its face to be insufficient to identify the property so that it can be located upon the ground. The description is, ''That portion of said lot number four of said section (section 31 in township 8 N., R. 1 E., H. B. & M.) described as follows, to wit: Commencing at the southwest corner of the southeast quarter of said section 31, and running thence north two chains to a stake, thence west to where said line would intersect the westerly line of said lot four, thence southerly along the westerly line of said lot four to the southwest corner of said lot four, thence east to the place of beginning.''

We must assume, in the absence of evidence to the contrary, that the corners referred to in the description are marked so as to be easily identified. To hold with appellants would be in the face of the presumption that the government survey was properly made and the corners regularly established. It has been held that the premises may be sufficiently described by a particular name by which they are known, by their boundaries, by number, by lot and concession or by section and township. Or it may be sufficient to describe the land as a part of a section of a certain survey. (15 Cyc., pp. 93, 94; *Pellier* v. *Gillespie,* 67 Cal. 583, [8 Pac. 185].) But even if the pleadings left the matter in doubt, the judgment would have to be affirmed, since the evidence has not been brought up. In *Thompson* v. *Connolly,* 42 Cal. 315, it was contended that the verdict in describing and locating the division line between the two parcels of land was too vague and uncertain to support the judgment, but the court said: ''In support of this proposition it is said that the line of the Hill tract is a mere imaginary line, and that the map furnishes no data for its correct location, nor for ascertaining the quantity of land awarded to the parties severally, or the precise location of either parcel. But we cannot assume that the line of the Hill tract is a purely ideal line, having no visible existence on

the ground. For aught that appears, it may be defined by visible monuments, and its exact location may be a matter of notoriety in the vicinity. All the intendments are in support of the judgment, and there is nothing in the record to raise a reasonable doubt that the land awarded to the plaintiff and defendant can be located with entire precision.''

The cases cited by appellants are not opposed to respondents' contention herein, and need not be specifically noticed.

We can see no merit in the appeal and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.