[S. F. No. 1.   Department One.—July 28, 1896.]

PHOEBE A. VANCE, RESPONDENT, v. LEANDER
ANDERSON ET AL., APPELLANTS.

EJECTMENT—PLEADING—DEFECTIVE AVERMENT OF SEISIN CURED BY AN-
SWER.—A complaint in ejectment should aver seisin or right of posses-
sion at the time of the commencement of the suit, and it is not sufficient
to aver it merely as of the date of the alleged ouster; but when an an-
swer to a verified complaint which was defective in that respect, takes
express issue upon the seisin of plaintiff at the time of the commence-
ment of the action, such defect is cured by the answer, and by the fail-
ure of the defendant to object to evidence of plaintiff's title based upon
the insufficiency of the complaint; and it cannot be objected upon ap-
peal that the judgment should be reversed for failure of the complaint
to state a cause of action.

ID.—EVIDENCE OF TITLE—DEED FROM HUSBAND AND WIFE—SATISFACTION
OF MORTGAGE—AGREEMENT TO RESELL TO HUSBAND—SUPPORT OF VER-
DICT.—A deed from a husband and wife to a mortgagee of a town lot
and timber claim, conveying the town lot in payment of the note, which
was surrendered, and in satisfaction of the mortgage, which was satis-
fied of record, thus securing a release of the timber claim therefrom,
accompanied by an agreement of the same date for a resale of the town

lot to the husband, in consideration of his agreement to pay therefor an amount equal to the previous note and mortgage, with interest at an agreed rate, the agreement to be void if the payment was not made within six months from its date, and expressly declaring that it was not intended as a mortgage, but as an agreement to buy and sell real estate, does not constitute a mortgage, but is sufficient evidence of title to enable the grantee to recover the town lot in ejectment as against the grantor, in the absence of further proof that the parties intended the transaction as a mortgage; and a verdict of the jury against such intention is sufficiently supported upon proof of the facts of the case.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial.  G. W. HUNTER, Judge.

The facts are stated in the opinion.

*Ernest Sevier*, and *Denver Sevier*, for Appellants.

A complaint in ejectment must allege ownership or right of possession at the time of the commencement of the action.  (*Payne* v. *Treadwell*, 16 Cal. 223; *Hestres* v. *Brennan*, 37 Cal. 385; *Sacramento Sav. Bank* v. *Hynes*, 50 Cal. 195; *Sauer* v. *Meyer*, 87 Cal. 34, 36; *Affierbach* v. *McGovern*, 79 Cal. 268; *Fredericks* v. *Tracy*, 98 Cal. 658; *Banbury* v. *Arnold*, 91 Cal. 607.)  The deed and the agreement to resell constitute a mortgage.  (*Low* v. *Henry*, 9 Cal. 538; Pingrey on Mortgages, 61; *Hickox* v. *Lowe*, 10 Cal. 197; *Montgomery* v. *Spect*, 55 Cal. 356; *Henley* v. *Hotaling*, 41 Cal. 28; *Millard* v. *Hathaway*, 27 Cal. 142; *Gassert* v. *Bogk*, 19 Pac. Rep. 284; 1 L. R. A. 243; *Conway* v. *Alexander*, 7 Cranch, 237; *Winters* v. *Swift*, 3 Pac. Rep. 18; *Stephens* v. *Allen*, 11 Or. 188; *Perris* v. *Wilcox*, 51 Mich. 105; 27 Am. Rep. 551; *Russell* v. *Southard*, 12 How. 151; *Heryford* v. *Davis*, 102 U. S. 235; *Eckford* v. *Berry*, 87 Tex. 415; *Palmer* v. *Howard*, 72 Cal. 293; 1 Am. St. Rep. 60.)  The stipulation that the agreement is not a mortgage does not change its character.  (1 Jones on Mortgages, secs. 7, 251; Pomeroy's Equity Jurisprudence, secs. 1192, 1193; *Kerr* v. *Gilmore*, 6 Watts, 405; *Hill* v. *Edwards*, 11 Minn. 22; *San Francisco* v. *Spring Valley Water Works*, 48 Cal. 493; *People* v. *Central Pac. R. R. Co.*, 83 Cal. 404; Code

Civ. Proc., sec. 1962, subd. 2; *McGarrahan* v. *New Idria etc. Co.*, 49 Cal. 331; Bigelow on Estoppel, 572; *Weathersly* v. *Weathersly*, 40 Miss. 462; 90 Am. Dec. 348; 2 Devlin on Deeds, sec. 1125; *Malone* v. *Roy*, 94 Cal. 346; *Parke etc. Co.* v. *White River etc. Co.*, 101 Cal. 39.) The deed and the defeasance appearing upon their face to be a mortgage, parol evidence is inadmissible to show that they are a conditional sale. (*Gassert* v. *Bogk, supra;* 2 Devlin on Deeds, sec. 1144; 1 Jones on Mortgages, secs. 248, 277; 1 Pingrey on Mortgages, sec. 109; 2 Washburn on Real Property, 62–4; 3 Pomeroy's Equity Jurisprudence, sec. 1195; *Voss* v. *Eller*, 109 Ind. 260; *First Nat. Bank* v. *Ashmead*, 2 So. Rep. 657; *Ferris* v. *Wilcox*, 51 Mich. 105; 27 Am. Rep. 551; *Swetland* v. *Swetland*, 3 Mich. 488.) Even if it be conceded that plaintiff is the owner of the premises, and that defendants were in possession by a tenancy or other estate at will, there is nothing to show that plaintiff ever gave the notice in writing required by section 789 of the Civil Code.

*A. J. Monroe*, for Respondent.

The complaint is sufficient. (*Johnson* v. *Vance*, 86 Cal. 128.) If it is defective, the defect is cured by the verdict, and the point cannot be raised on appeal. (Code Civ. Proc., sec. 475; *Garner* v. *Marshall*, 9 Cal. 270; *San Francisco* v. *Pennie*, 93 Cal. 468; *Seligman* v. *Armando*, 94 Cal. 316; *People* v. *Rains*, 23 Cal. 130; *Russell* v. *Mixer*, 42 Cal. 478; *Coryell* v. *Cain*, 16 Cal. 574; Bliss on Code Pleading, secs. 437, 438; *County of San Diego* v. *Seifert*, 97 Cal. 594; *Diefendorff* v. *Hopkins*, 95 Cal. 348; *Rowland* v. *Madden*, 72 Cal. 20; *King* v. *Davis*, 34 Cal. 106.) Whether a deed absolute in form be a mortgage, is a question of intention of the parties. (*Montgomery* v. *Spect*, 55 Cal. 353; 3 Pomeroy's Equity Jurisprudence, sec. 1195; *Ford* v. *Irwin*, 18 Cal. 117; 1 Jones on Mortgages, secs. 205, 267; 15 Am. & Eng. Ency. of Law, 785.) The presumption of law is that the instrument is what on its face it purports to be, an absolute conveyance. (*Mahoney* v. *Bostwick*, 96 Cal.

58; 31 Am. St. Rep. 175; *Ganceart* v. *Henry*, 98 Cal. 284; *Henley* v. *Hotaling*, 41 Cal. 26.) Defendants cannot deny plaintiff's title, and at the same time claim to be a tenant at will, and that notice to quit was not given. (*Von Glahn* v. *Brennan*, 81 Cal. 263; *Simpson* v. *Applegate*, 75 Cal. 342; *Smith* v. *Ogg Shaw*, 16 Cal. 90; *Conner* v. *Jones*, 28 Cal. 64; *Dodge* v. *Walley*, 27 Cal. 230; 83 Am. Dec. 61; *Bolton* v. *Landers*, 27 Cal. 104.)

SEARLS, C.—Action of ejectment to recover a lot of land in the city of Eureka, Humboldt county. Plaintiff had judgment, from which judgment, and from an order denying a motion for a new trial, defendants appeal.

The first point made by appellant for reversal is that the complaint does not state facts sufficient to constitute a cause of action. To properly present the question thus raised, it is necessary to quote from the complaint and answer, and to state some facts bearing upon the case. The complaint is in part as follows:

" That on the 1st of May, 1891, she [the plaintiff] was seised in fee and possessed and entitled to the possession of that certain tract of land situate in," etc., (describing the land and its location.)

" That while the plaintiff was so seised, the defendants afterward, on the 1st of May, 1894, and without right or title, entered into possession of the demanded premises; and ousted and ejected the plaintiff therefrom, and now unlawfully withholds the possession thereof from the plaintiff, to her damage."

Defendants interposed a general demurrer to the complaint, but before a hearing voluntarily withdrew such demurrer and took leave to answer within twenty days.

The answer is in part as follows: "Deny that plaintiff was, on the first day of May, 1894, or at any other time, or at all, or is now, seised in fee and possessed and entitled to the possession, or seised in fee or otherwise, or possessed, or entitled to the possession, or otherwise,

of that certain tract of land set forth and described in the said complaint."

The pleadings were verified, and, at the trial, no objection to evidence was predicated upon the insufficiency of the complaint.

It will be observed that while the complaint avers seisin and possession in the plaintiff on the first day of May, 1894, it fails to state that she was so seised at the date of the suit brought, which was May 19, 1894, or at any time after May 1st.

This was, we think, a failure of an essential allegation in the complaint. It is true that in some of the earlier cases in this court, a complaint in ejectment was in effect differentiated from those in other actions, and precisely similar complaints with this were held sufficient. (*Salmon* v. *Symonds*, 24 Cal. 260; *Kidder* v. *Stevens*, 60 Cal. 420; *Yount* v. *Howell*, 14 Cal. 465.)

We shall, however, assume that it was the duty of the plaintiff to tender to the defendants an issue as to her seisin or ownership at the date of the bringing the suit.

But the defendants did not wait, as they might well have done, for such tender, for in their answer they not only denied the seisin and right to possession of the plaintiff on the 1st of May, 1894, but added "or at any other time, or at all, or is now seised in fee," etc., as above quoted.

When defendants thus tendered an issue as to the seisin of plaintiff up to the time the action was brought, and that issue was tried and determined against the defendants, it was too late to raise the objection here.

It is a familiar rule of pleading, that defects in a complaint may be cured by the averments of an answer thereto. (*County of San Diego* v. *Seifert*, 97 Cal. 594; *Harkness* v. *McClain*, 8 Utah, '52; Code Civ. Proc., sec. 475; *Diefendorff* v. *Hopkins*, 95 Cal. 344; *Schenck* v. *Hartford Ins. Co.*, 71 Cal. 28; *Cohen* v. *Knox*, 90 Cal. 466.)

Pomeroy is of opinion this rule of the curative property of an answer should be confined to cases in which the answer affirmatively alleges the very fact

which is omitted from the complaint, but says it has sometimes been "enforced, although the answer simply contained a denial of the necessary facts which should have been averred by the plaintiff." (Pomeroy on Remedies, sec. 579.) The practice in this state has been to treat express denials as sufficient to cover the defect. (See cases cited *supra*.) Under these circumstances the contention of appellants cannot prevail.

2. The more important question to be solved relates to the character of the conveyance under which plaintiff claims title.

There was a deed of conveyance offered in evidence, executed and acknowledged in due form by the defendants on the sixteenth day of October, 1893, conveying the property in question to the plaintiff.

The consideration mentioned in the deed was five hundred dollars, and the deed was recorded October 17, 1893.

The defendants, at the trial, for the purpose of showing that the foregoing conveyance was intended to operate as a mortgage, and not as an absolute conveyance, introduced in evidence an agreement between the plaintiff and Leander Anderson, executed October 16, 1893, whereby the plaintiff covenanted and agreed to and with said defendant Anderson, that she, the said plaintiff, would sell, and he, the said defendant, would buy, the certain premises therein described, and being the same premises described in the conveyance to plaintiff by the defendant; such sale was to be made within six months, upon the payment by said Anderson to plaintiff of the sum of four thousand one hundred and ninety-three dollars and seventy cents, with interest at eleven per cent per annum from date until sale, which sum defendant covenanted to pay. If defendant failed to pay within six months, the agreement to convey was to be considered null and void, etc.

The agreement contained the following clause: "It is expressly understood and agreed that this instrument is not a mortgage, but an agreement to sell and buy real

estate, nor is it the intention of the parties hereto that this instrument should be, or operate in any way as, a mortgage.''

The instrument was duly acknowledged and recorded, but at what date does not appear.

The deed and agreement, when taken together, do not, upon their face, constitute a mortgage, for the reasons: 1. It does not appear therefrom that the parties were the same, the deed being executed to plaintiff by the two defendants, while the agreement runs to one only of such defendants; 2. They present no evidence of any pre-existing, existing, or future debt to be secured thereby; 3. The agreement to convey expressly provides that it is not, and shall not be considered, a mortgage.

It follows from these circumstances, and some others which might be mentioned, that the instruments taken together do not, on their face, in law, constitute a mortgage. This is not, however, conclusive. A deed absolute on its face may be shown, by parol, to be intended as a mortgage. It may be stated, as a general proposition, that in this state, at least, every conveyance of real property made as security for the performance of an obligation is, in equity, a mortgage, irrespective of the form in which it is made.

Equity looks beyond the mere form in which the transaction is clothed, and shapes its relief in such way as to carry out the true intent of the parties to the agreement, and to this end all the facts and circumstances of the transaction, the conduct of the parties thereto, and their declarations against their own interests, their relations to one another and to the subject matter, are subjects for consideration. (*Campbell* v. *Freeman*, 99 Cal. 546; *Pierce* v. *Robinson*, 13 Cal. 116; *Locke* v. *Moulton* 96 Cal. 21; *Ross* v. *Brusie*, 64 Cal. 245; *Taylor* v. *McLain*, 64 Cal. 513.) We need not multiply authorities under this head.

The question of fact as to the intention of the parties here was decided by the jury against the contention that

the deed and so-called defeasance were intended by the parties as security for an existing liability on the part of the defendants.

In favor of the verdict, there was evidence tending to show that, prior to the execution of the deed and agreement, plaintiff held a mortgage upon the lot involved in this action and a timber tract, given by defendant Leander Anderson to secure his promissory note for three thousand seven hundred dollars, with interest at eleven per cent per annum, from August, 1892, the date of the note.

The note was due and nothing had been paid thereon. Plaintiff desired payment of the note, and Anderson was unable to pay. Under these circumstances Anderson and wife (the other defendant), being desirous of saving their timber claim, placed the lot here in question in the hands of Farris and Cooper, real estate agents, and authorized them in writing to sell it for three thousand seven hundred dollars, and the interest due on the note, amounting to four hundred dollars. They were unable to sell it at that price.

They then suggested to Anderson that they be permitted to try to get plaintiff to take a deed of the town lot, and release the timber claim, as that would be equivalent to a sale of said lot and payment of plaintiff. Anderson agreed to this. They also advised Anderson to get a bond from plaintiff for a reconveyance of the town lot if he could.

The plaintiff being desirous of avoiding the expense of a foreclosure, agreed to the proposition, whereupon the deed and agreement were drawn and executed. The note of defendant was marked "paid," and delivered up to him, and the mortgage satisfied. When the agreement was drawn, the attorney asked if it was intended as a mortgage, and Anderson answered in the negative, whereupon the clause which we have quoted therefrom was inserted, and agreed to by the parties. Anderson thereafter mortgaged the timber claim to other parties.

There is a house upon the town lot, and witnesses placed the value of the premises at from four thousand five hundred dollars upward, and the monthly rental at ten dollars.

Plaintiff supposed the premises were vacant at the date of the deed; but when her agent called upon defendant for the key to the house, he found defendants had moved thereto, and they declined to take a lease of the premises, or, upon demand, to deliver possession thereof to plaintiff.

Prior to the execution of the deed, defendant Maria Anderson had filed a declaration of homestead on a portion of the premises; hence her joinder in the deed and as a party defendant.

The only testimony on the part of the defendant was that of Leander Anderson, which was not at all clear, and scarcely sufficient to constitute a substantial conflict.

Indeed, the main circumstances in favor of considering the transaction a mortgage are to be found in the fact that the agreement was of even date with the deed, and the sum for which plaintiff agreed to convey was the exact sum due upon her previous note secured by mortgage.

These circumstances are important, but not conclusive, and, we think, are outweighed by other attendant circumstances, and, on the whole case, we are of opinion the jury was not only warranted in its verdict, but that any other result would have been a surprise.

There is nothing in the proposition that defendants were tenants at will of the plaintiff, and therefore entitled to notice in writing under section 789 of the Civil Code.

If the conveyance to plaintiff was a mortgage, it conveyed no title, and did not entitle her to possession of the property.

If it was an absolute deed, she was, upon its execution, entitled to immediate possession, and, upon her demand, and the refusal of defendants to deliver such possession, was entitled to maintain an action for its

recovery. There is nothing in the agreement entitling the defendants, or either of them, to possession before the contract is consummated.

We recommend that the judgment and order appealed from be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.