[Civ. No. 147.   Second Appellate District.—February 28, 1906.]

## NETTIE McGILLIVRAY, Respondent, v. A. BLANCHARD MILLER, Appellant.

EJECTMENT — COMPLAINT BY LESSEE — SEISIN — CROP — JUDICIAL NOTICE.—Although, in general, a complaint in ejectment which does not tender an issue of ownership at the time of the commencement of the action is defective, yet where a complaint by a lessee filed in Riverside county, April 20, 1905, alleged a seisin in that year for the purpose of harvesting a crop, this court will take judicial notice that a lease of land for that purpose must include the month of April in that part of the state.

ID.—ISSUE TAKEN BY ANSWER—SUPPORT OF JUDGMENT.—Where the answer of defendant in the action filed May 31, 1905, alleged possession under a lease from the owner, and the possession of a growing crop nearly ready for harvest, it necessarily tendered an issue as to plaintiff's right of possession at the commencement of the action; and the pleadings, as a whole, are sufficient to support a judgment for the plaintiff.

APPEAL from a judgment of Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Gill & Densmore, for Appellant.

Collier & Carnahan, for Respondent.

ALLEN, J.—Action in ejectment and for damages. Judgment for plaintiff, from which defendant appeals.

Plaintiff, by her complaint filed April 20, 1905, alleges that while she was a lessee of the described premises, seised, possessed, and entitled to the possession thereof, the defendant entered thereon and dispossessed her, and still withholds possession from her. Appellant's contention is that the judgment rests upon a complaint inherently defective, and should be reversed. This form of complaint was criticised in *Vance* v. *Anderson*, 113 Cal. 536, [45 Pac. 816], as not tendering to defendant an issue as to the plaintiff's seisin or ownership at the date of the commencement of the action. There is, however, an allegation in this complaint not found in that under consideration in the case cited, which is to the effect that plaintiff was seised in 1905, under a lease, for the purpose of putting in a crop. The court, taking cognizance of the laws of nature and the measure of time (Code Civ. Proc., sec. 1875, subd. 8), will take notice of the fact that in this part of the state possession in 1905 for the purposes of seeding and harvesting will include the month of April. But, assuming in this case, as was assumed in *Vance* v. *Anderson*, 113 Cal. 536, [45 Pac. 816], that the complaint was insufficient, the defendant herein, by his answer filed May 31, 1905, alleged that he is in possession of the described premises under a lease from the owner, and has standing and growing thereon a crop, seeded under such lease, and the same is now nearly ready for harvest. Defendant's claim to possession under this lease should be held to extend to and include the date of the filing of the complaint; for, in the very nature of things, more than forty days must necessarily elapse between the entry on land for purposes of seeding and the ripening of the crop for harvest. The claim of title averred by defendant raised by fair implication the right to possession on the date of the filing of this complaint, and the affirmative allegations of such answer being deemed denied under our code, an issue was thereby presented as to the right of possession at the date of the suit.

The pleadings as a whole, therefore, are sufficient to support the judgment, and the judgment is ordered affirmed.

Gray, P. J., and Smith, J., concurred.