## Sosa *v.* American Railroad Company of Porto Rico.

### Appeal from the District Court of Aguadilla.

No. 85.—Decided April 24, 1906.

Action—Demurrer—Lack of Capacity to Sue—No Cause of Action.—The fact that the plaintiff is in possession and enjoys the ownership of the property which it is sought to recover cannot be alleged by way of demurrer based on the ground that the plaintiff is without legal capacity to sue, because the right which a litigant may have or claim to have is a matter which has no relation to his capacity to sue, and that exception may be considered as being comprised in subdivision 6 of section 105 of the Code of Civil Procedure.

Id.—In the complaint filed in this case it was alleged that the plaintiff possessed a rural property belonging to him and divided into lots, and that upon said rural property the defendant company had run a line for the railroad between Aguadilla and Isabela throwing up a roadbed within a space measuring in width all the way from ten to forty odd meters, and appropriated materials from the said lands. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and the Supreme Court held that the facts stated undoubtedly constituted a cause of action for the recovery of that part of the land of which the plaintiff was dispossessed, and indemnity for damages and losses suffered by reason thereof, and that the said facts are not stated in an unintelligible or uncertain manner.

Appeal—Evidence—Bill of Exceptions—Statement of Facts.—In order that the Supreme Court may consider on appeal the evidence taken at the trial, it is necessary that the same be set forth in a bill of exceptions or in a statement of facts, as, on the contrary, it will be presumed that the court below has properly weighed the evidence.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Messrs. Franco Soto and José de Guzmán Benítez* for respondents.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 3, 1905, Gerardo Sosa y López filed a complaint in the District Court for the Judicial District of Aguadilla against the American Railroad Company of Porto Rico, a literal copy of which reads as follows:

"The plaintiff, through his counsel, respectfully alleges: That the defendant company is a corporation duly organized and incorporated under the laws of the State of New York and registered in the office of the Secretary of State of Porto Rico under date of May 26, 1902, in accordance with the provisions of a law entitled 'An Act in Regard to Foreign Corporations, approved January 31, 1901.'

"1. That the plaintiff at the present time possesses and enjoys the ownership of a rural property divided into lots and situated in the *barrio* of 'Caimital-Abajo' of this municipality, consisting of 16 *cuerdas,* bounded on the north by the land of Pedro Fantauzi; on the east by that of Julio Roque; on the west by the land of Laureana Mayo y Alverez, and on the south by the land of the said Laureana Mayo y Alvarez and the carretera to Isabela.

"That by reason of the works being carried on by the defendant company for the construction of a railroad between this village and the town of Isabela, the said defendant company, without title, good faith or possession and without any of the other legal requisites, has laid out a line for the said road through the property hereinbefore described, passing through and occupying the same, and building a roadbed of considerable height due to the lowness of the land so occupied, for which it has found it necessary to take material from the said lands, the said roadbed occupying a space measuring from ten to forty odd meters wide; furthermore, that the defendant company is constructing works such as a concrete culvert for the passage of the waters; said acts having been performed in absolute disregard of the rights of the owner, without his consent, and against his wishes, the said defendant company not having availed itself of the proper and legal rights granted by the law in such cases, such as forcible expropriation proceedings, to which remedy it has not resorted, but has committed a real usurpation trampling under foot the most elementary rights of every peaceful citizen. Therefore, exercising the proper legal actions for recovery and indemnity for damages and losses, I pray the court: That, after complying with all the legal formalities, it render final judgment in favor of the plaintiff holding that the property above mentioned and described belongs to the said plaintiff,

and adjudging the said defendant company to pay to the plaintiff the sum of $2,000, as damages and as a punishment for the usurpation committed by the defendant in violation of the rights of the plaintiff. Aguadilla, April 3, 1905.—Carlos Franco Soto, attorney for plaintiff."

To that complaint the defendant filed the following demurrer:

"The defendant company, through its counsel, says: That it demurs to the complaint on the following grounds:

"First. That the plaintiff is without capacity to sue. This exception is based on the following ground: The plaintiff in the first allegation of his complaint alleges that he possesses and enjoys the ownership of the property described in his complaint, and this being so he has no right to bring an action for recovery, because this right is reserved only to persons who have the dominion of the thing sought to be recovered. A possessor of a thing can only be protected in the possession of the thing when he has been deprived thereof.

"Second. That the complaint does not state facts sufficient to constitute a cause of action. This exception is based on the following ground: The plaintiff states that the defendant company did construct and is constructing different works on the property belonging to him without the consent of the owner in order to build the railroad from Aguadilla to Isabela. If this allegation were true plaintiff might have some other action, but not an action to recover, because it does not appear from the complaint that the plaintiff is in possession of the property sought to be recovered, or that the plaintiff has been dispossessed thereof.

"Third. That the complaint is ambiguous, unintelligible, and uncertain. This exception is based on several grounds:

"1. On the same grounds alleged for the foregoing exception. Those grounds constitute the ambiguity of the complaint.

"2. The plaintiff in some places states that he is in the possession and enjoys the ownership of the property, and in other places affirms that he is the owner thereof. From the complaint so drawn it cannot be ascertained which fact is true, and therefore it is unintelligible and uncertain to such an extent that the defendant cannot form a definite conclusion of the essential facts which he must answer. Therefore, the defendant prays the court to sustain the demurrer, and consequently to dismiss the complaint, with the costs against the plaintiff."

After hearing the allegations of both parties, the Aguadilla court, on April 27 of the year aforesaid, overruled the demurrer and directed the defendant to answer the complaint within ten days without special imposition of costs.

In compliance with the foregoing order the defendant company filed the following answer:

"The defendant company, through its attorney, says: That it answers the said complaint in the following form:

"First. It acknowledges the truth of the first allegation of the complaint in regard to the possession of the property by the plaintiff, but does not admit the limit and extent of the same because defendant is uninformed in regard thereto.

"Second. It denies the second allegation set up in the complaint. The defendant company has taken a part of the lands of Mr. Sosa y López and has built a railroad thereon, and has also constructed other works necessary thereto, but all this has been carried out with the consent of the possessor and owner, Mr. Sosa.

"Third. The defendant company has in no wise deprived the plaintiff of the possession of the property described, as plaintiff himself admits in his complaint that he is in possession thereof and enjoying the same. Therefore, defendant prays the court that, after the proper legal proceedings, it render judgment dismissing the said complaint, and adjudging the plaintiff to pay the costs.—Gustavo Rodríguez, attorney for defendant."

A day having been set for the hearing the parties introduced the documentary evidence and the testimony of witnesses, the former having come to this court in the form of a transcript of the stenographer's notes certified to by the stenographer of the District Court of Aguadilla. The said court rendered judgment a literal copy of which is as follows:

"In the District Court for the Judicial District of Aguadilla, Porto Rico, July 8, 1905. Number 116. *Gerardo Sosa López, plaintiff,* v. *American Railroad Company of Porto Rico, defendant.* Recovery of real property and indemnity for damages and losses. *Judgment.*—This cause having been duly heard and adjudged by the court, the findings of fact, the conclusions of law, and the written decision of the court thereon having been rendered, which is to be

found in the files of this case, wherein judgment was given in favor of Gerardo Sosa y López, plaintiff, with the costs against the said company, which has answered contesting the rights of the plaintiff in the matters controverted in this suit.   Therefore, it is hereby ordered, adjudged and decreed that judgment is in favor of the plaintiff, as prayed for in the complaint, and against the defendant company, and consequently the court should order, and does order, that Gerardo Sosa y López, plaintiff herein, being the owner of the property described in his complaint and having been illegally deprived of the possession of a part of the said land by the defendant company, shall recover from the said company the possession of that part of the land occupied by the said company, and furthermore that the said company shall pay to the plaintiff the sum of $500 as indemnity; it being further ordered that the American Railroad Company of Porto Rico pay all the costs of this suit, and that execution issue against the property of the defendant for the satisfaction of this judgment.— Judge of the district court, Arturo Aponte.   Attest: Lino Vázquez, secretary of the court.''

From this judgment the defendant company took an appeal and filed in this court a certified copy of the record, signed by counsel for both parties, no bill of exceptions or statement of facts appear.   The appellant in his allegation before this court maintains that the decision of the Aguadilla court rendered April 27, 1905, overruling the demurrer therein filed, is absolutely contrary to law, and that even in case such demurrer had been properly overruled, Gerardo Sosa y López could not prosecute an action for recovery as the owner of the property involved herein, and much less could he recover the damages which he claims, because after a careful study of the evidence taken at the trial it is seen that the plaintiff, not only did not prohibit, but consented that the defendant should construct upon the land involved in this litigation the works necessary for the building of the circumvallating railroad which passes through the same, and to take out daily for nearly two months quantities of stone without making any claim whatever therefor, but by reason of the fact that the parties could not agree upon the price of the land occupied, he filed his complaint which is the origin of this suit

exercising the action for recovery of land which he had ceded, instead of demanding the price thereof, and asking indemnity for damages which, for the reasons stated, could not exist, and the amount of which, in case of the existence thereof, has not been established.

The respondent maintained that the order overruling the demurrer was proper and the judgment appealed from just, alleging that at the present stage of the suit it cannot be maintained that the evidence taken was insufficient to warrant the trial court in adjudging that the defendant indemnify him, because that is a question of fact which has already been disposed of and cannot be raised on appeal except by the filing of a bill of exceptions by the plaintiff.

As will be seen, there are two questions to discuss and decide in this appeal which may be stated as follows:

First. Has the demurrer alleging that the plaintiff has not the capacity to sue, that the complaint does not state facts sufficient to constitute a cause of action, and that the complaint is ambiguous, unintelligible and uncertain, been legally overruled?

Second. Is the judgment appealed from warranted by the law and the facts?

We think that the demurrer alleging a want of legal capacity in the plaintiff, to sue on the ground that the plaintiff, as he states in his complaint, possesses and enjoys the ownership of the property which he seeks to recover, is not the ground provided for in subdivision 2 of section 105 of the Code of Civil Procedure, because the right which a litigant has or claims to have has nothing to do with his capacity to sue and more properly comes under subdivision 6 of the section cited, and under that concept should be overruled, as we shall see upon a consideration of the ground that the complaint does not state facts sufficient to constitute a cause of action.

On that ground the demurrer cannot be sustained because the plaintiff alleges in his complaint that he is in pos-

session of a rural estate belonging to him divided into lots, and that the defendant company has laid out thereon the line for the railroad between Aguadilla and Isabela, building a roadbed occupying a space measuring from ten to forty odd meters wide and appropriating materials from the said lands. Such facts undoubtedly constitute a cause of action for the recovery of the part of the land which plaintiff was undoubtedly dispossessed and for indemnity for the damages suffered.

Neither is the complaint ambiguous, unintelligible, or uncertain, because it clearly says that the plaintiff possesses and enjoys the ownership of his property, and that such property has been crossed and occupied illegally by the defendant by the construction of a railroad. If that road were of the same width as the property, the plaintiff could not posses the same while defendant occupied it, but as this does not appear to be so it is understood that the plaintiff is in possession of the property and that the defendant occupies the same to the extent of the width of its road.

We cannot examine the evidence taken at the trial, which consisted of documentary evidence and the testimony of witnesses, because the same has not been brought to this court in a bill of exceptions or statement of facts, as provided by the Code of Civil Procedure.

This doctrine has been held, among others, in the following cases: *The People of Porto Rico* v. *Pascual and Juana Borrás,* of November 24, 1905 (P. R. Rep., Vol. 9, p. 370) ; *Rafael Valentin Román* v. *American Railroad Company of Porto Rico,* of January 29, 1906 (*ante,* p. 52) ; *Cora May Belden de Smith* v. *Gabriel González García et al.,* of March 9, 1906 (*ante,* p. 253) ; *The Carmelite Nuns* v. *Manuel F. Rossy,* of March 15, 1906, (*ante,* p. 277) ; and *Sobrinos de Ezquiaga* v. *Munitiz,* of March 16, 1906, (*ante,* p. 286).

It being impossible for us to discuss the evidence taken at the trial, by reason of the fact that there is no bill of exceptions or statement of facts before us, we must assume that

the findings of the trial court upon the evidence were correct, because the contrary has not been shown in legal form.

Under this presumption, and, furthermore, the order of April 27, 1905, overruling the demurrer to the complaint being in accordance with law, the judgment rendered by the District Court for the Judicial District of Aguadilla on July 8 of the year last past should be affirmed, with the costs of this appeal against the appellant.                                    *Affirmed.*

Chief Justice Quiñones and Justice Figueras concurred.

Justices MacLeary and Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

I cannot agree with the opinion in this case, which requires the affirmance of the judgment of the court below, and shall briefly state my reasons therefor.

The demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible and uncertain, should have been sustained.

The plaintiff in his complaint alleges that he possesses an estate destined for building lots, and that upon said landed property the defendant has made a survey for the railroad track between Aguadilla and Isabela, erecting roadbeds thereon, and taking as a basis a width which varies from 10 to 40 meters or over, and also taking materials pertaining to the same lands.

Section 105 of the Code of Civil Procedure, in paragraphs 6 and 7 thereof, provides that the defendant may demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, or that the same is ambiguous, unintelligible or uncertain

It is clear to my mind that this complaint is subject to the objections enumerated in the statute. Our statute in regard to the recovery of real property is similar to that of California, and the complaint should conform to sections 2168 and

2182 of the second volume of Estee's Pleadings. Section 2168 referred to gives a form for the complaint in actions in ejectment so clear and easily followed that a wayfaring man, however lacking in intelligence, need not err therein. Section 2182 especially sets forth: "That in an action in ejectment the material facts which are essential to be alleged by the plaintiff are, first, the title of the plaintiff and, second, possession by the defendant." Strictly speaking the old common-law action of ejectment has been done away with in California, and certainly never obtained in Porto Rico. Nevertheless, the statute prescribing the practice to be followed in such cases must be observed. The case of *Vance* v. *Anderson,* 113 Cal., 536, declares that the complaint must aver seizin at the date of filing suit. And in *Gardwood* v. *Hastings,* 38 Cal., 216, it is said by the Supreme Court that the allegation "that the plaintiff 'is the owner' of the land sued for, is, in substance, an allegation of seizin in fee, in 'ordinary,' instead of in technical language." And in the opinion of Mr. Chief Justice Field, delivered in the case of *Payne & Dewey* v. *Treadwell,* 16 Cal., 243 and 244, we find it distinctly set forth what the complaint should contain, showing that it should allege ownership in the plaintiff at the time the suit was brought, and that the defendant was in possession of the land and withholding it from the plaintiff at that time.

From these authorities it is plain that this demurrer should have been sustained on the ground that the complaint does not allege that the plaintiff is the owner of the land sued for, nor does it set forth that the defendant detains the property described from the plaintiff. The complaint attempts, in a confused and roundabout manner and by inference, to allege some such facts as these, but to my mind it is clearly ambiguous, unintelligible, and uncertain, and thus falls within the denunciation of the statute contained in the Code of Civil Procedure cited above. As this point was clearly made by the defendant in the court below, and presented and argued fully in this court, it should not be set aside or overruled, and

the judgment in this case should be reversed and a new trial granted.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

The demurrer in this case should have been sustained, because the complaint is ambiguous and uncertain, as set out by Mr. Justice MacLeary in his dissenting opinion. I think besides that the complaint does not state a cause of action in that it fails to allege that the defendant company is in possession of the property the object of the *reivindicación,* or that the company withholds such property from the plaintiff.