## OLIVIERI ET AL. *v.* MCK. JONES.

APELACIÓN procedente de la·Corte de·Distrito de·Ponce.

No. 698.—Resuelto en diciembre 19, 1911.

CESIÓN DE CRÉDITO LITIGIOSO.—Un crédito no es litigioso ni está comprendido en los preceptos·del artículo 1438 del Código Civil, por el mero hecho de existir disputa o diferencia de opinión, no acerca del crédito en sí mismo, sino de su calificación o carácter, o sea si procede de un canon de arrendamiento o de una deuda hipotecaria.

EXCEPCIONES PREVIAS—DEMANDA.—Excepcionada una demanda, y planteado el debate sobre las alegaciones únicamente, la demanda debe ser considerada sola, descartando la contestación, y cuando después del juicio la corte dicta sentencia a favor del demandante, las omisiones de que adolezca la demanda se entienden suplidas por la contestación.

VENTA DE BIENES INMUEBLES—PAGO DEL PRECIO.—Para poder invocar las disposiciones del artículo 1407·del Código Civil es necesario haber hecho la consignación, o al menos alegar el ofrecimiento de pago y la negativa de su aceptación.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. José Tous Soto y José A. Poventud.*

Abogados del apelado: *Sres. Hartzell y Rodríguez Serra.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una apelación interpuesta contra sentencia de la Corte de Distrito de Ponce, de la cual se desprende que en el acto del juicio, el demandado y apelado, que ya había contestado la demanda, presentó una impugnación a la demanda,

alegando que no aducía hechos suficientes que constituyeran una causa de acción, y la corte declaró con lugar dicha objeción.

La demanda alega en concreto los siguientes hechos: que algunos de los herederos de Félix Olivieri Cervoni entablaron acción en equidad ante la Corte de Distrito de los Estados Unidos para Puerto Rico, contra otros de los herederos de dicho causante. Una de las fincas objeto de dicho pleito, era la hacienda Limón, que en el curso de dicha acción fué puesta en administración judicial; que los derechos del citado causante, a dicha Hacienda, nacieron de un contrato equivocadamente llamado por las partes de arrendamiento y promesa de venta, de fecha 24 de octubre de 1900, que en realidad fué y es una venta hecha por la Sucesión de Don Vicente Alvarado, al citado causante, por la suma de $15,600, que el citado Olivieri se obligó a pagar a dicha sucesión, en el término de ocho años, a contar del primero de agosto de 1900, con el interés del 12% anual, cuyos intereses representaban en el contrato de venta, los cánones de arrendamiento; que los herederos de Alvarado, alegando ser dueños de la finca Limón, intervinieron en dicha acción, y pidieron la devolución de dicha finca, en virtud del expresado contrato erróneamente llamado de arrendamiento y promesa de venta, y en virtud también de falta de cumplimiento del mismo, por parte de Olivieri y sus herederos, cuya demanda e intervención fueron contestadas por las partes en el pleito principal; que durante el expresado litigio entre los interventores y las partes principales del pleito, y por razón del reconocimiento, y admisión, hechas solemne y judicialmente por dichos interventores, declarando que el expresado contrato erróneamente llamado de arrendamiento y promesa de venta, era en realidad una hipoteca, y como consecuencia de dicha admisión, la Corte Federal, dictó una orden, con el consentimiento de ambas partes, de fecha 7 de junio de 1907, decretando que la finca Limón pertenecía a la Sucesión Olivieri, afecta a una hipoteca por el importe del precio de la compra a favor de los inter-

ventores; que en el mes de mayo de 1910, la Corte Federal dictó sentencia resolviendo la acción principal y disponiendo que los acreedores cuyos derechos habían sido resueltos por las órdenes anteriores de dicho tribunal, podían ejecutar sus respectivos créditos después de pagadas las deudas de la administración judicial, con cuya sentencia quedaron determinados los derechos de los interventores, quedando pendiente de fijarse la cuantía de sus créditos; que los interventores, por medio de escritura pública, vendieron y cedieron dicho gravamen, hipoteca o derechos litigiosos en la finca Limón, a Walter Mck. Jones, por la suma de $18,000, pagaderos $5,000 el primer de enero de 1911 y $3,250 el primero de cada uno de los años sucesivos, y en dicha escritura se consignaron todos los hechos conducentes al pronunciamiento de las sentencias de 7 de junio de 1907 y mayo de 1910, habiendo consignado que Mr. Mck. Jones quedaría obligado a todas las resultancias del expresado pleito ante la Corte Federal; que Jones presentó en la Corte Federal una petición que no fué notificada a los demandantes, en la cual reclamaba la cantidad de $14,000 más o menos, por concepto de arrendamientos vencidos durante los años de 1900 a 1908, procedentes del expresado contrato de arrendamiento y promesa de venta; que los demandantes están dispuestos a pagar y reembolsar al citado Walter Mck. Jones, la suma de $18,000, de acuerdo con el contrato que celebró con la Sucesión Alvarado, o en la forma que el Tribunal estime procedente, con intereses y costas, para que por dicho montante el tribunal declare nulos los derechos litigiosos vendidos por la Sucesión Alvarado al citado Walter Mck. Jones.

Los hechos expresados no colocan á los demandantes y apelantes al amparo de los preceptos del artículo 1438 del Código Civil, relativos a créditos litigiosos. Según se desprende de las mismas manifestaciones de los apelantes, no existió litigio alguno entre ellos y la sucesión Alvarado con respecto a la existencia de dicho crédito. Aceptaron que era una deuda con el carácter de hipoteca. El apelado la consi-

deró con otro carácter, o sea como arrendamientos vencidos; pero esa pretensión no puede invocarse para la cosa cedida, transformándola en un crédito litigioso, antes de su cesión. Ya el pleito había terminado antes de la expresada cesión. El haber presentado el apelado una petición en la Corte Federal, no transforma la naturaleza de dicho crédito. Según se alega en la demanda, dicha petición no fué nunca notificada a los apelantes ni consta que la Corte Federal dictara resolución alguna en cuanto a ella. Es indudable que los apelantes nunca contestaron dicha petición y de acuerdo con el artículo 1438 del Código Civil, un crédito no es litigioso hasta que se presenta la contestación a la demanda. El artículo 1438 trata de reclamaciones contra una deuda. En este caso la discusión no versaba acerca de la deuda, sino sobre la naturaleza de los derechos de los apelantes, a la finca de la cual fueron posesionados por Alvarado o su sucesión. La cuestión debatida es si poseían la finca como dueños, afecta a una hipoteca, o como meros arrendatarios. El crédito existente no estaba en disputa. Los apelantes no están en condiciones de invocar ni el espíritu ni el texto del artículo 1438 ya citado.

Si, como afirman los apelantes, la contestación presentada en el presente pleito pudiera interpretarse en el sentido de que la naturaleza de los derechos poseídos por ellos continuó siendo impugnada por la Sucesión Alvarado en la Corte Federal, y que la sentencia de dicha corte no resolvió definitivamente la cuestión en litigio, en este caso podría alegarse contra la demanda de este pleito, la objeción de litis pendencia. Para que los apelantes pudieran ejercitar el derecho de redención, tendrían que probar su alegación de que la finca estaba únicamente afecta a una hipoteca. Tal prueba sería condición previa, para ejercitar el derecho de redención, pero como hemos dicho, el carácter de los derechos discutidos, es precisamente el objeto alegado de la intervención de Alvarado, y éste pleito está sujeto a la objeción de litis pendencia.

Sin embargo, creemos, que no puede interpretarse en esa forma la contestación Es absurdo querer leer entre líneas

en una demanda, algo que está en contradicción con sus propias alegaciones. La alegación principal de la demanda, se refiere a la naturaleza de los derechos controvertidos, y cuando se excepciona una demanda, el demandante tiene que aceptar las consecuencias de sus propias alegaciones. Los casos citados por los apelantes, 110 Cal., 169; 99 Cal., 259, y 113 Cal., 532, solamente sientan la doctrina de que, cuando un demandante procede a la celebración del juicio, y se dicta sentencia a su favor, si la demanda carece de alguna alegación que se expresa en la contestación a la demanda, se estima que las omisiones de la demanda han quedado, después del juicio, subsanadas o suplidas por la contestación. Esto es equivalente a una renuncia o a no poder ir contra sus propios actos. De cualquier manera, cuando la demanda ha sido excepcionada, como la cuestión queda concretada a las alegaciones, la demanda es lo único que hay que afirmar. El demandado tiene derecho a que en la demanda se le informe de la naturaleza de la acción ejercitada por el demandante. El demandante debe por medio de enmiendas o en otra forma, informar al demandado de los hechos en que funda su acción.

La otra cuestión principal, planteada por los apelantes es que tienen derecho a la redención, en virtud del artículo 1407 del Código Civil, cuyo texto es como sigue:

"Artículo 1407.—En la venta de bienes inmuebles, aun cuando se hubiera estipulado que por falta de pago del precio en el tiempo convenido tendrá lugar de pleno derecho la resolución del contrato, el comprador podrá pagar, aún después de expirado el término, ínterin no haya sido requerido judicialmente o por acta notarial. Hecho el requerimiento, el juez no podrá concederle nuevo término."

Si pudiéramos considerar la contestación, ella nos demostraría que existió una citación judicial, pero estamos obligados a estudiar la demanda tal como está presentada. Opinamos que las palabras "el comprador podrá pagar," significan lo que ellas mismas dicen. Es necesario que se haga el pago o su equivalente. La demanda no alega ni pago ni ofrecimiento de pago. Para poder invocar los preceptos de

este artículo, es necesario haber hecho la consignación, o al menos alegar el ofrecimiento de pago, y la negativa de su aceptación. Tal alegación no se hizo. Además, el demandante se limita a ofrecer pagar a Jones, lo que éste pagó a la Sucesión Alvarado, a aceptar sus responsabilidades o pagar las cantidades que el tribunal determine. No se hizo ofrecimiento de pagar el crédito original, que fué lo que adquirió Jones. Además, la actitud y admisiones de las partes están demostrando que para el ejercicio de sus derechos, descansaban en el artículo 1438 y no en el 1407. La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary, firmó haciendo constar estar conforme con la sentencia, pero no con la opinión en que se basa.

### VOTO CONCURRENTE EMITIDO POR EL JUEZ ASOCIADO SR. MACLEARY.

Aunque en este caso estoy conforme con la sentencia no puedo estarlo con la opinión en todos sus particulares. Mi principal fundamento para disentir hace referencia a la propiedad de formular excepciones orales a la demanda. Creo que esta es una práctica indebida que no debe favorecerse ni siquiera implícitamente. Las excepciones previas lo mismo que las demás alegaciones en la corte de distrito deben hacerse por escrito, no debiendo tomarse en consideración las excepciones previas que se formulen oralmente. El artículo 118 del Código de Enjuiciamiento Civil dispone que "toda alegación deberá estar suscrita por la parte o su abogado." Sería imposible hacer esto si las alegaciones no se hicieran por escrito. Nadie puede suscribir manifestaciones orales. Y el artículo 135 del Código de Enjuiciamiento Civil expresa que "todas las alegaciones deducidas después de la demanda,

deberán presentarse al secretario entregándose copias de las mismas a la parte contraria o a su abogado.'' Sería imposible, desde luego, cumplir con este artículo si la excepción previa lo mismo que las demás alegaciones no se hicieran por escrito, y es una cuestión admitida generalmente que las alegaciones en la corte de distrito se hacen siempre por escrito. Y no es la intención del artículo 109 del Código de Enjuiciamiento Civil, que se formule la excepción previa oralmente. Dicho artículo simplemente expresa: que por el hecho de que no se presente en tiempo la excepción previa de que la demanda no aduce hechos suficientes para constituir una causa de acción, no ha de entenderse que se ha renunciado a ese derecho, pues tal excepción puede formularse en cualquier tiempo; pero este artículo no permite que excepciones de esa clase se hagan oralmente. De modo que el error cometido al considerar una excepción previa oral es manifiesto y exigiría la revocación de la sentencia si no fuera por la disposición del artículo 142 del Código de Injuiciamiento Civil que dice: ''En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por por razón de dicho error o defecto.'' Desde luego que según los términos de dicho estatuto es aplicable lo mismo al Tribunal Supremo que a cualquier otro tribunal. En casos criminales o civiles no se favorecen las revocaciones por tecnicismos. (*People* v. *Cleminson,* 250 Ill., 135.) Código de Enjuiciamiento Criminal, artículo 145.

Por consiguiente, considerando que este error o defecto en las alegaciones no afecta a los derechos sustanciales de las partes, puesto que el demandante no hizo objeción al mismo, que es el apelante en esta acción, no podemos, según mi opinión, revocar por tal motivo la sentencia de la corte inferior. De modo que considerada así la cuestión estoy conforme con la sentencia confirmatoria, aunque debo disentir por lo menos en parte, de la opinión en que se funda dicha sentencia.