[L. A. No. 6093. Department Two.—June 16, 1920.]

## D. E. HUTCHISON, Respondent, v. FLORENCE A. BARR, Appellant.

[1] MORTGAGE—FORECLOSURE—PLEADING—OWNERSHIP—CURE OF DEFECTIVE COMPLAINT BY ANSWER.—In an action for the foreclosure of a mortgage, where the complaint omitted to allege the ownership of the property at the time of the commencement of the action and the answer admitted that the defendant was the owner at such time, the defect was cured.

[2] ID. — OWNERSHIP — EVIDENCE — FINDING — WHEN UNNECESSARY.— In an action for the foreclosure of a mortgage, where the ownership of the property is by the pleadings an admitted fact, neither proof nor finding thereof is necessary.

[3] ID.—PLEADING—PARTIES—GRANTEE OF MORTGAGOR.—In an action for the foreclosure of a mortgage, where the plaintiff abandoned his right to a deficiency judgment and it appeared from the answer that the mortgagor had divested itself of the title to the property and that the defendant was the owner at the time of the commencement of the action, the mortgagor was no longer a necessary party, and the dismissal of the action as to it did not affect the right of the plaintiff to a judgment of foreclosure.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

3. Mortgagor who has conveyed interest in property as necessary or proper party to foreclosure, note, Ann. Cas. 1913A, 83.

F. E. Davis for Appellant.

Leland S. Bower for Respondent.

LENNON, J.—This action—one to foreclose a real property mortgage—was commenced April 3, 1918. The complaint, which was in the usual form of an action to foreclose, alleged, among other things, that the corporation defendant, Walter G. McCarty Company, was, on the first day of September, 1914, the owner in fee of the property designated and described in the complaint and that, on the said first day of September, 1914, the corporation defendant executed to E. W. Grannis, plaintiff's assignor, as security for a promissory note in the sum of two thousand dollars, the mortgage in suit upon the property described in the complaint. Plaintiff's complaint failed, however, to allege who was the owner of the mortgaged property at the time of the commencement of the action. The defendant Florence A. Barr was made a defendant in the action upon the allegation that she, as purchaser, had or claimed some interest in the mortgaged property which was subordinate to and subject to the lien of plaintiff's mortgage. The record shows an entry of her default for failure to answer within the time allowed therefor. The record is silent, however, as to whether the default was set aside, but it presumably was, for the record shows that this defendant later "for herself alone and not for her codefendants" answered the plaintiff's complaint. In her answer, after denying all of the material allegations of the complaint for lack of information and belief, it was specifically and affirmatively admitted and alleged that defendant Florence A. Barr, as purchaser, had an interest in the mortgaged property and was the owner thereof in fee at the time of the commencement of the action. None of the other defendants answered and shortly prior to the trial of the action the plaintiff directed, and there was thereupon entered, a dismissal of the action as to the mortgagor, the corporation defendant, and all of the other parties originally joined as defendants, save and except the defendant Florence A. Barr. Upon the issues raised by her answer the trial court found in substantial accord with the allegations of the complaint and, among other things, that the corporation defendant executed the note and mortgage

in suit on the first day of September, 1914, and that on that date the corporation defendant was the owner in fee of the mortgaged property. The findings make no mention of who was the owner of the fee of the mortgaged property at the time of the commencement of the action, but there is a finding "that the defendant Florence A. Barr has an interest in said . . . real property and that her said interest is subsequent to and subject to plaintiff's mortgage lien," and the judgment provided that she be paid any surplus over and above the mortgage indebtedness. Judgment was accordingly entered for the plaintiff, foreclosing the mortgage, from which the defendant Florence A. Barr alone has appealed upon the judgment-roll.

[1] The answer of the defendant Florence A. Barr admitted she was the owner of the fee of the mortgaged property at the time of the commencement of the action, and therefore cured the defect in the complaint, if any, resulting from the failure to plead that fact. (*Schenck* v. *Hartford Fire Ins. Co.*, 71 Cal. 28, [11 Pac. 807]; *Cohen* v. *Knox*, 90 Cal. 266, [13 L. R. A. 711, 27 Pac. 215]; *Shively* v. *Semi-Tropic Land & Water Co.*, 99 Cal. 259, [33 Pac. 848]; *County of San Diego* v. *Seifert*, 97 Cal. 594, [32 Pac. 644]; *Vance* v. *Anderson*, 113 Cal. 532, [45 Pac. 816]; *Abner Doble Co.* v. *Keystone Co.*, 145 Cal. 490, [78 Pac. 1050]; *McGillivray* v. *Miller*, 3 Cal. App. 188, [84 Pac. 778]; *Donegan* v. *Houston*, 5 Cal. App. 626, [90 Pac. 1073]; *Grangers' Union* v. *Ashe*, 12 Cal. App. 757, [108 Pac. 533]; *Merryman* v. *Kirby*, 13 Cal. App. 344, [109 Pac. 635]; *Pettit* v. *Forsyth*, 15 Cal. App. 149, [113 Pac. 892].)

[2] That the defendant Florence A. Barr was the owner of the fee of the mortgaged premises at the time of the commencement of the action was, as we have seen by the averment of her answer, an admitted fact in the case and, consequently neither proof nor finding was necessary upon that phase of the case. (*Taylor* v. *Central Pacific R. R.*, 67 Cal. 615, [8 Pac. 436]; *Pratt* v. *Welcome*, 6 Cal. App. 475, [92 Pac. 500]; *Pomeroy* v. *Gregory*, 66 Cal. 572, [6 Pac. 492]; *Gregory* v. *Gregory*, 102 Cal. 50, [36 Pac. 364]; *McMenomy* v. *White*, 115 Cal. 339, [47 Pac. 109]; *Conway* v. *Supreme Council*, 137 Cal. 386, [70 Pac. 223]; *Muller* v. *Rowell*, 110 Cal. 318, [42 Pac. 804].)

The defendant Florence A. Barr, as a successor in interest of the mortgagor, could have been made defendant in the first instance without joining the mortgagor. (*California Title Ins. Co.* v. *Miller,* 3 Cal. App. 54, [84 Pac. 453] ; *Bigelow* v. *Bush,* 6 Paige, 343; *Ingham* v. *Weed,* 5 Cal. Unrep. 645, [48 Pac. 318].) The purpose of the action to foreclose was "to subject to sale the title of the mortgagor—that is, such title as he had at the date of his mortgage—and to cut off all the rights of parties subsequently becoming interested therein." (*Burton* v. *Lies,* 21 Cal. 88, 91; *Goodenow* v. *Ewer,* 16 Cal. 461, 468, [76 Am. Dec. 540] ; *Boggs* v. *Hargrave,* 16 Cal. 559, [76 Am. Dec. 561].) The mortgagor, the corporation defendant, was a proper party to the action and would have been a necessary party thereto if the plaintiff had insisted upon a personal deficiency judgment as was originally prayed for. (Code Civ. Proc., sec. 726.) [3] However, inasmuch as the right to a deficiency judgment was ultimately abandoned by plaintiff, and it appearing upon the coming in of the answer of defendant Florence A. Barr that the mortgagor had divested itself of the title to the mortgaged property, and that defendant Florence A. Barr was the owner in fee of the property at the time of the commencement of the action, the mortgagor was no longer a necessary party. The dismissal of the defendant corporation did not, therefore, affect the right of the plaintiff to obtain a judgment of foreclosure against the defendant Florence A. Barr, for the record as a whole disclosed a cause of action against the grantee of the mortgagor. (*San Diego Realty Co.* v. *Hill,* 168 Cal. 637, [143 Pac. 1021] ; *McLaughlin* v. *Stewart,* 1 Ont. Law Rep. 295; 27 Cyc. 1583.)

The judgment appealed from is affirmed with a penalty of fifty dollars against the defendant Florence A. Barr for the institution and prosecution of a frivolous appeal.

Wilbur, J., and Sloane, J., concurred.