[Civ. No. 4887.   Third Appellate District.—June 19, 1933.]

JOHN B. PALM et al., Respondents, v. HAROLD ASHTON et al., Appellants.

Marks & Klenke for Appellants.

Merriam, Rinehart & Merriam and Harvey M. Parker for Respondents.

PULLEN, P. J.—This is an action to foreclose a mortgage upon certain real property executed by Ralph Lake Lloyd, who, among others, including appellants herein, were named defendants in the complaint filed by respondents.

· The summons and complaint was served upon all of the named defendants with the exception of Ralph Lake Lloyd, the maker of the note and mortgage here in issue, upon whom service was not effected, and at the trial the action was dismissed as to him and all of the remaining defendants defaulted except appellants herein, who appeared by answer.

The complaint and supplemental complaint alleges that plaintiffs loaned to defendant Ralph Lake Lloyd the sum of $3,500, and as evidence thereof he executed a note and mortgage covering certain described real property situated in the county of Los Angeles. The complaint then alleged default in the payments as called for in the note and asked that the mortgage be foreclosed.

It is further set forth that the other defendants claimed some right, title, lien or interest in or upon the real property described in the mortgage, but that such claim was inferior, subsequent and subordinate to the lien of plaintiffs' mortgage. Then followed an allegation of the expenditure of certain moneys to protect the property and prayed that defendants be required to set forth their claims, and for the usual decree of foreclosure. Appellants answered the complaint and upon information and belief denied all of the allegations of the complaint and supplemental complaint except as to their marital status, and admitted by failing to deny, the paragraph alleging that they claimed some right or interest in the property subordinate to the lien created by the mortgage.

At the trial appellants orally moved for judgment on the pleading on the ground that the complaint did not state a cause of action, which motion was denied, and appellants offering no evidence, judgment, without a deficiency, was

rendered for plaintiffs, from which judgment appellants prosecute this appeal.

Appellants here urge the following grounds:

(a) That the record is incomplete and insufficient to confer jurisdiction upon a trial court to render a decree of foreclosure in that the record shows that the owner of the estate or the mortgagor was not before the court.

(b) That the complaint fails to state facts sufficient to constitute a cause of action or to confer jurisdiction upon the trial court to render a decree of foreclosure thereon.

(c) That the findings of fact are insufficient to support a decree of foreclosure rendered thereon or to confer jurisdiction upon the trial court to render such a decree.

It is true that the complaint fails to allege who was the owner of the fee to the mortgaged property at the time of the commencement of this action, or that Lloyd, the mortgagor, conveyed or otherwise disposed of his interest in the real property covered by the mortgage. There is, however, an allegation in the complaint that defendants claim some right, title or interest in the property, which, however, is inferior and subordinate to the lien of the mortgage, which allegation was, upon failure to deny, admitted by appellants, and to that extent, if no further, the court would have jurisdiction to proceed. If appellants had no interest in the property they were not affected by the decree in this action, and would not, therefore, be affected by any judgment rendered therein, but if they held some subordinate interest to the mortgage in the property they were properly before the court.

Appellants rely principally upon the case of *Goodenow* v. *Ewer*, 16 Cal. 461 [76 Am. Dec. 540], wherein the court says:

"A mortgagor, when he has not disposed of his interest, is a necessary party to a suit for a foreclosure and sale under our law, even though no personal claim be asserted against him. The fact that a mortgage is executed upon the premises does not, of itself, authorize proceedings for their sale without making him a party. He has a right to be heard before his estate can be subjected to sale to satisfy an alleged lien, without reference to any personal claim against himself. If he has parted with the estate, his grantee stands in his shoes, and possesses the same right

to contest the lien and to object to the sale. The object of the sale is to subject such estate as the mortgagor held at the time to the satisfaction of the lien which he created, and if that estate has been disposed of, a decree directing its sale without the presence of its owner would be a mere arbitrary act, condemning, without hearing, one man's property to pay another man's debt.''

Here we find one before the court who admittedly holds an interest subordinate to the mortgage in question.

In *Hutchinson* v. *Barr*, 183 Cal. 182 [190 Pac. 799, 800], a case somewhat similar to the instant case, the complaint alleged ownership in defendant mortgagor, the execution of the mortgage, its breach, that certain other defendants, including defendant Barr, claimed some interest in the premises, the nature of which was to plaintiff unknown, but inferior to the lien of the mortgage.

Defendant Barr answered and admitted she claimed an interest in the mortgaged premises, to wit, as owner thereof, and that she was at the commencement of the action and was at the time of the trial, the owner in fee of the property described in the complaint. Plaintiff obtained judgment, and a decree of foreclosure without any allowance for a deficiency was entered, from which judgment and decree defendant Barr appealed and urged before the Supreme Court practically the same points that are here presented. The court there said:

''The answer of the defendant Florence A. Barr admitted she was the owner of the fee of the mortgaged property at the time of the commencement of the action, and therefore cured the defect in the complaint, if any, resulting from the failure to plead that fact. (Citing cases.)

''That the defendant Florence A. Barr was the owner of the fee of the mortgaged premises at the time of the commencement of the action was, as we have seen by the averment of her answer, an admitted fact in the case and, consequently, neither proof nor finding was necessary upon that phase of the case. (Citing cases.)

''The defendant Florence A. Barr, as a successor in interest of the mortgagor, could have been made defendant in the first instance without joining the mortgagor. (Citing cases.) The purpose of the action to foreclose was 'to subject to sale the title of the mortgagor—that is, such

title as he had at the date of his mortgage—and to cut off all the rights of parties subsequently becoming interested therein'. (Citing cases.) The mortgagor, the corporation defendant, was the proper party to the action and would have been a necessary party thereto if the plaintiff had insisted upon a personal deficiency judgment as was originally prayed for. (Code Civ. Proc., sec. 726.)

"However, inasmuch as the right to a deficiency judgment was ultimately abandoned by plaintiff, and it appearing upon the coming in of the answer of defendant Florence A. Barr that the mortgagor had divested itself of the title to the mortgaged property, and that defendant Florence A. Barr was the owner in fee of the property at the time of the commencement of the action, the mortgagor was no longer a necessary party."

In the case at bar the trial court found that appellant Flora L. Ashton and E. A. Lynch as trustees of Harold Ashton, a bankrupt, claim an interest in the premises covered by said mortgage, as record owners thereof.

Upon an appeal from a judgment upon the judgment-roll alone all intendments will be made in support of the judgment, and if the record anywhere, whether in the complaint, answer or findings, reveals the fact that the record owner is a party, it is sufficient. (*McLennan* v. *Wilcox*, 126 Cal. 51 [58 Pac. 305].)

In view of the admission by appellants of some interest in the property covered by the mortgage and the finding that the interest was that of record owner of the property, we are of the opinion the deficiency in the complaint has been cured, and appellants being before the court as owners, a binding order and decree could be made.

The judgment and decree are therefore affirmed.

Thompson, J., and Plummer, J., concurred.